| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | John E. Schreiber (SBN # 261558)<br>jschreiber@dl.com<br>DEWEY & LEBOEUF LLP<br>333 South Grand Street<br>Suite 2600<br>Los Angeles, California 90071<br>Telephone: (213) 621-6000<br>Facsimile: (213) 621-6100 |



6  -and-

7  Richard W. Reinthaler (admitted pro hac vice)
   rreinthaler@dl.com
   Corinne D. Levy (admitted pro hac vice)
8  clevy@dl.com
   DEWEY & LEBOEUF LLP
9  1301 Avenue of the Americas
   New York, NY 10019
10 Telephone: (212) 259-8000
   Facsimile: (212) 259-6333

11

12 ATTORNEYS FOR DEFENDANT
   FENWAY CAPITAL, LLC



13        **UNITED STATES BANKRUPTCY COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
14                **SANTA ANA DIVISION**

15

| | | |
|---|---|---|
| 16 | In re | **CASE NO. 8:08-bk-17206-ES**<br>Jointly Administered with Case Nos. |
| 17 | PALMDALE HILLS PROPERTY, LLC,<br>AND ITS RELATED DEBTORS, | 8:08-bk-17209-ES; 8:08-bk-17224-ES;<br>8:08-bk-17225-ES; 8:08-bk-17227-ES |
| 18 | Jointly Administered Debtors and<br>Debtors-in-Possession | 8:08-bk-17230-ES; 8:08-bk-17231-ES<br>8:08-bk-17236-ES; 8:08-bk-17240-ES<br>8:08-bk-17242-ES; 8:08-bk-17245-ES |
| 19 | Affects:<br>☒ All Debtors | 8:08-bk-17246-ES; 8:08-bk-17548-ES<br>8:08-bk-17549-ES; 8:08-bk-17404-ES |
| 20 | ☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC | 8:08-bk-17407-ES; 8:08-bk-17408-ES;<br>8:08-bk-17409-ES; 8:08-bk-17458-ES; |
| 21 | ☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC | 8:08-bk-17465-ES; 8:08-bk-17470-ES;<br>8:08-bk-17472-ES; 8:08-bk-17573-ES; |
| 22 | ☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC | 8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17588-ES; |
| 23 | ☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC | **Adversary No. 8:09-ap-01005-ES** |
| 24 | ☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | **MEMORANDUM OF POINTS AND** |
| 25 | ☐ SJD Development Corp.<br>☐ Kirby Estates, LLC | **AUTHORITIES IN SUPPORT OF**<br>**MOTION TO DISMISS THE** |
| 26 | ☐ SunCal Communities I, LLC | **THIRD AMENDED COMPLAINT** |
| 27 | ☐ SunCal Communities III, LLC<br>☐ SCC Communities LLC | |
| 28 | ☐ North Orange Del Rio Land, LLC | |

| | |
|---|---|
| 1 | ☐ Tesoro SF, LLC |
| | ☐ LB-L-SunCal Oak Valley, LLC |
| 2 | ☐ SunCal Heartland, LLC |
| | ☐ LB-L-SunCal Northlake, LLC |
| 3 | ☐ SunCal Marblehead, LLC |
| | ☐ SunCal Century City, LLC |
| 4 | ☐ SunCal PSV, LLC |
| | ☐ Delta Coves Venture, LLC |
| 5 | ☐ SunCal Torrance, LLC |
| | ☐ SunCal Oak Knoll, LLC |

**ADVERSARY PROCEEDING**

**Debtor-in-Possession Plaintiffs:**
PALMDALE HILLS PROPERTY, LLC, a Delaware limited liability company; SUNCAL BEAUMONT HEIGHTS, LLC, a Delaware limited liability company; SCC/PALMDALE, LLC, a Delaware limited liability company; JOHANNSON RANCH, LLC, a Delaware limited liability company; SUNCAL SUMMIT VALLEY, LLC, a Delaware limited liability company; SUNCAL EMERALD MEADOWS, LLC, a Delaware limited liability company; SUNCAL BICKFORD RANCH, LLC, a Delaware limited liability company; ACTON ESTATES, LLC, a Delaware limited liability company; SEVEN BROTHERS, LLC, a Delaware limited liability company; SJD DEVELOPMENT CORP., a Delaware corporation; KIRBY ESTATES, LLC, a Delaware limited liability company; NORTH ORANGE DEL RIO LAND, LLC, a Delaware limited liability company; TESORO SF, LLC, a Delaware limited liability company; SCC COMMUNITIES, LLC, a Delaware limited liability company; SUNCAL COMMUNITIES I, LLC, a Delaware limited liability company; SUNCAL COMMUNITIES III, LLC, a Delaware limited liability company;

**Trustee Plaintiff:**
STEVEN SPEIER, Chapter 11 Trustee, on behalf of LB-L-SUNCAL OAK VALLEY, LLC, a Delaware limited liability company; SUNCAL HEARTLAND, LLC, a Delaware limited liability company; LB-L-SUNCAL NORTHLAKE, LLC, a Delaware limited liability company; SUNCAL

| | |
|---|---|
| 1 | MARBLEHEAD, LLC, a Delaware limited liability company; SUNCAL |
| 2 | CENTURY CITY, LLC, a Delaware limited liability company; SUNCAL PSV, |
| 3 | LLC, a Delaware limited liability company; DELTA COVES VENTURE, |
| 4 | LLC, a Delaware limited liability company; SUNCAL TORRANCE, LLC, |
| 5 | a Delaware limited liability company; and SUNCAL OAK KNOLL, LLC, a |
| 6 | Delaware limited liability company, |
| 7 | Plaintiffs, |
| 8 | v. |
| 9 | LEHMAN ALI, INC., a Delaware corporation; LEHMAN COMMERCIAL |
| 10 | PAPER, INC., a Delaware corporation; OVC HOLDINGS, LLC, a Delaware |
| 11 | limited company; NORTHLAKE HOLDINGS, LLC, a Delaware limited |
| 12 | liability company; LV PACIFIC POINT, LLC, a Delaware limited liability |
| 13 | company; LEHMAN RE, LTD., a Bermuda corporation; FENWAY |
| 14 | CAPITAL, LLC, a Delaware limited liability company; DANSKE BANK A/S, |
| 15 | LONDON BRANCH, a United Kingdom corporation, |
| 16 | |
| 17 | Defendants. |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 3

    I.    THE STANDARD ........................................................................................................ 3

    II.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR EQUITABLE SUBORDINATION ...................................................................................................... 4

    III.  PLAINTIFFS' FRAUDULENT TRANSFER CLAIM MUST BE DISMISSED ............................................................................................................ 8

    IV.  PLAINTIFFS' CLAIM TO AVOID AND RECOVER PREFERENTIAL TRANSFERS MUST BE DISMISSED ...................................................................... 10

    V.   PLAINTIFFS' CLAIMS TO VOID LIENS AND DISALLOW CLAIMS AND LIENS MUST BE DISMISSED ................................................................................ 12

CONCLUSION ......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*In re 80 Nassau Associates*, 169 B.R. 832 (S.D.N.Y. 1994) ................................................. 6-7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ............................................................................ *passim*

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ........................................................ 3, 4

*Dewsnup v. Timm*, 502 U.S. 410 (1992) ................................................................................... 12

*In re Enron Corp.*, 379 B.R. 425 (S.D.N.Y. 2007) ................................................................... 7-8

*In re Enron Corp.*, 2007 WL.2780394 (S.D.N.Y. Sept. 24, 2007) ............................................... 8

*Feder v. Lazar*, 83 F.3d 306 (9th Cir. 1996) ............................................................................ 4, 5

*In re First Alliance Mortg. Co.*, 471 F.3d 977 (9th Cir. 1996) ............................................. 4, 5, 7

*In re First Alliance Mortg. Co.*, 298 B.R. 652 (C.D. Cal. 2003) ........................................... 4, 5, 6

*General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11th Cir. 1997) .......... 11

*In re Gilead Sciences Sec. Litigation*, 536 F.3d 1049 (9th Cir. 2008) ......................................... 3

*In re Global Link Telecom Corp.*, 327 B.R. 711 (Bankr. D. Del. 2005) ....................................... 9

*Gold Coast Asset Acquisition, L.P. v. 1441 Veteran Street Co.*, 144 F.3d 1288 (9th Cir. 1998) ............................................................................................................................................ 12

*Latu v. Long Beach Mortg. Co.*, 2009 WL 2912516 (N.D. Cal. Sept. 9, 2009) ............................ 6

*In re Motorworks, Inc.*, 371 B.R. 281 (Bankr. S.D. Ohio 2007) ............................................ 9, 10

*In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199 (Bankr. S.D.N.Y. 1983) ................................ 6, 9

*Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 129 S. Ct. 1109 (2009) ......................... 3

*In re Pacific Express, Inc.*, 69 B.R. 112 (9th Cir.1986) ................................................................ 5

*Posman v. Bankers Trust Co.*, 1999 WL 33742299 (Bankr. D. Del. July 28, 1999) ................... 11

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................................... 3

*In re Valley Media, Inc. v. Borders, Inc.*, 288 B.R. 189 (Bankr. D. Del. 2003) ........................... 11

**Statutes**

11 U.S.C. §550(c) ........................................................................................................................ 11

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 3

Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED ADVERSARY COMPLAINT

Defendant Fenway Capital, LLC ("Fenway") hereby respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss the Third Amended Adversary Complaint (the "complaint" or "TAC") pursuant to Federal Rules of Civil Procedure ("FRCP") 9(b) and 12(b)(6), made applicable in this adversary proceedings by Federal Rules of Bankruptcy Procedure ("FRBP") 7009 and 7012.

### PRELIMINARY STATEMENT

By this complaint – plaintiffs' fourth attempt at drafting a viable complaint – Fenway, a special purpose entity that acquired interests in certain loans that are the subject of the complaint (the "Loans") but has no "skin in the game" with respect to the outcome of this litigation, has been added as a defendant to this adversary proceeding. Plaintiffs, however, fail to plead any viable claim (much less facts in support of such a claim) against Fenway. Indeed, Fenway is mentioned only a handful of times in the 77-page complaint containing 391 paragraphs. Nevertheless, plaintiffs purport to assert a host of claims against Fenway, including claims for equitable subordination, fraudulent transfer and avoidable preference.

Plaintiffs' amended pleading suffers from all of the same infirmities (and certain additional ones) as their previously-dismissed complaints. Accordingly, Fenway joins in the Memorandum of Points and Authorities in Support of the Motion to Dismiss of Lehman ALI, Inc., Lehman Commercial Paper, Inc. ("LCPI"), OVC Holdings, LLC and Northlake Holdings, LLC (collectively, "Lehman") ("Lehman's Motion to Dismiss") and incorporates herein by reference all of the arguments made in Lehman's Motion to Dismiss insofar as they relate to plaintiffs' claims against Fenway. Specifically, Fenway joins in Lehman's arguments that, among other things:

- The complaint fails to state a claim for equitable subordination insofar as (i) the complaint fails to allege that Fenway is an insider, fails to allege inequitable conduct -- much less "gross and egregious" conduct -- on the part of the Fenway, and fails to identify the alleged injured creditors; (ii) the Guarantor plaintiffs' equitable subordination has been waived by the relevant guaranty agreements; and (iii) the claim is unripe.

- The complaint fails to state a claim for fraudulent transfer because it (i) contains no individualized analysis of plaintiffs' claims with respect to each alleged obligation or transfer; (ii) fails to identify even the most minimal facts concerning the transfers, such as the purported date or amount of any such transfers; (iii) fails to adequately plead the solvency prongs of the fraudulent transfer statutes as they relate to each of the individual transfers and obligations at issue (stating instead *en masse* that the Debtors were insolvent or became insolvent as a result of the transfers); or (iv) fails to identify the existence of an actual creditor of *any* Debtor on whose behalf avoidance is sought. Instead, the complaint merely recites the statutory requirements for fraudulent transfer in conclusory fashion, which is patently insufficient as a matter of law.

- The complaint fails to state a claim to avoid and recover allegedly preferential payments because it fails to identify (i) each particular transfer allegedly made; (ii) the debtor who made such transfers; (iii) the dates of which such transfers were made; (iv) the dates on which each debtor filed its voluntary petition; and/or (v) any facts regarding any "lien" plaintiffs believe should be avoided. In addition, plaintiffs have not alleged any facts that would show that certain of the debtors (SunCal Marblehead or SunCal Heartland) had an interest in the payments allegedly made, as is required to state an avoidable preference claim. Nor have they pled any facts that would support recovery under Section 550 even if the alleged preferential payments were avoided.

- Plaintiffs' claim to void certain liens pursuant to Section 506(d) fails as a matter of law because the Supreme Court (and subsequently the Ninth Circuit) has expressly disavowed the form of lien-stripping requested by plaintiffs, while plaintiffs' claim to disallow certain claims and liens pursuant to Section 502(d) fails because there has been no determination that any property is, in fact, recoverable from any of the Defendants and, in any event, Section 502(d) does not provide for the avoidance or disallowance of liens.

Such arguments, which are not replicated herein in the interest of judicial efficiency, are, standing alone, sufficient to warrant dismissal of the claims against Fenway. But the claims against Fenway fail for certain additional, independent reasons, discussed below.

# ARGUMENT

## I. THE STANDARD

Fed. R. Civ. P. 12(b)(6) (made applicable to this case by Rule 7012 of the Federal Rules of Bankruptcy Procedure) provides that an action should be dismissed where the complaint "fail[s] to state a claim upon which relief can be granted." Recently, the Supreme Court held that its previous formulation of the notice pleading standard (in *Conley v. Gibson*) had "earned its retirement," and proceeded to heighten the requirements for plaintiffs to state a valid claim. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (hereinafter "*Twombly*"); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 129 S. Ct. 1109, 1123 (2009) (noting the "new pleading standard" articulated in *Twombly*). Under the Court's new formulation, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

Thus, to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotations omitted). As the Supreme Court has even more recently explained, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (hereinafter "*Iqbal*"). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted); *Iqbal*, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint

3

is inapplicable to legal conclusions," even when "couched as a factual allegation"). Rather, a complaint must contain sufficient factual allegations which, if true, would establish "plausible grounds" for a claim: "the threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possess enough heft to show that the pleader is entitled to relief." *Twombly*, 127 S. Ct. at 1966 (internal quotations omitted); *Iqbal*, 129 S. Ct. at 1949-50 (holding *Twombly* re-formulation of notice pleading standard to be generally applicable).[1]

Here, plaintiffs' complaint, which consists of nothing more than "threadbare recitals of the elements of the asserted causes of action" (*Iqbal*, 129 S.Ct. at 1949), falls far short of meeting the Supreme Court's new fact-based, and more exacting, pleading standard.

## II.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR EQUITABLE SUBORDINATION

Plaintiffs ask this Court in their First Claim to equitably subordinate Fenway's interests "to the extent that Fenway is the transferee" of certain loans and associated liens (TAC ¶248). Equitable subordination is a remedial (rather than penal) measure that "should be used only sparingly." *See In re First Alliance Mortg. Co.*, 298 B.R. 652, 666-67 (C.D. Cal. 2003), *aff'd in part, rev'd in part*, 471 F.3d 977 (9th Cir. 2006) ("*First Alliance*"); *see also Feder v. Lazar (In re Lazar)*, 83 F.3d 306, 309 (9th Cir. 1996) (equitable subordination is an "unusual remedy which should be applied only in limited circumstances"). It requires a showing by plaintiffs that: (1) the claimant – *i.e.*, Fenway -- engaged in some type of inequitable conduct; (2) that misconduct (as opposed to someone else's) resulted in injury to creditors or conferred an unfair advantage on the alleged wrongdoer; and (3) subordination would not be inconsistent with

---

[1] *See also Iqbal*, 129 S.Ct at 1949 (stating that the determination of "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," but where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting Rule 8)(a)(2). Here, there are not enough, indeed, any, facts pled to permit the Court to infer anything other than that plaintiffs have no clue what Fenway did (other than acquire certain of the loans in good faith) to warrant its being sued for equitable subordination.

the Bankruptcy Code. *First Alliance,* 298 B.R. at 667. For a court "to justify equitable subordination," it must "make specific findings and conclusions with respect to each of the requirements." *In re Lazar,* 83 F.3d at 309.

Moreover, in the case of a non-fiduciary, non-insider, as here, "the level of *pleading and proof* is elevated: gross and egregious conduct will be required before a court will equitably subordinate a claim." *First Alliance,* 471 F.3d at 1006 (emphasis added); *see also In re Pacific Express, Inc.* 69 B.R. 112, 116 (9th Cir.1986) ("The primary distinctions between subordinating the claims of insiders versus those of non-insiders lie in the severity of misconduct required to be shown, and the degree to which the court will scrutinize the claimant's actions toward the debtor or its creditors. Where the claimant is a non-insider, egregious conduct must be proven with particularity. It is insufficient for the objectant in such cases merely to establish sharp dealing; rather, he must prove that the claimant is guilty of gross misconduct tantamount to fraud, overreaching or spoliation to the detriment of others.") (internal quotations omitted); *First Alliance,* 298 B.R. at 667 ("gross and egregious conduct, tantamount to fraud, misrepresentation, overreaching, spoliation or conduct involving moral turpitude" are required before a court will equitably subordinate a claim). Given this high bar, the standard of non-fiduciary, non-insider, conduct sufficient to warrant equitable subordination is "rarely if ever met." *First Alliance,* 298 B.R. at 667.

In addition to the arguments set forth in Lehman's Motion to Dismiss, all of which are incorporated herein by reference to the extent applicable, plaintiffs' equitable subordination claim fails against Fenway for certain additional reasons. Plaintiffs do not allege that Fenway is an "insider" or fiduciary of Debtors (nor could they). Nor do they adequately plead that Fenway engaged in any inequitable conduct, much less "gross and egregious" conduct. They merely allege, in a single conclusory paragraph, made on "information and belief," that "Fenway

5

purchased the Sold Loans with knowledge that its transaction was part of an effort by LCPI to obtain liquidity for LBHI from JP Morgan that appeared to be collateralized by something other than the Sold Loans." (TAC ¶248). This conclusory allegation is insufficient, standing alone, to state a claim against Fenway. Nor are there any *facts* pled to support this conclusory allegation. The failure to do so is also fatal to plaintiffs' claim. *See Iqbal*, 129 S.Ct. at 1949 (complaint will not survive motion to dismiss where it tenders "naked assertion[s]" devoid of "further factual enhancement").[2]

Plaintiffs' claim, in any event, makes no sense *vis-à-vis* Fenway. Even assuming, *arguendo*, the lone conclusory allegation in paragraph 248 of the complaint were true (which is denied), it would still fall far short of alleging the kind of "gross and egregious" conduct *directed toward plaintiffs* that is required to state a claim for equitable subordination against a non-fiduciary, non-insider, such as Fenway. The repo transaction pursuant to which Fenway purchased the loans from Lehman was indisputably an arms'-length transaction. Plaintiffs do not allege otherwise, nor could they. The arms'-length nature of the transaction, coupled with Fenway's non-fiduciary, non-insider status, poses a virtually insurmountable hurdle to plaintiffs. *See, e.g., First Alliance*, 298 B.R. at 667 ("If the claimant is a non-fiduciary, non-insider, the burden of proof and severity of conduct necessary to support a claim for equitable subordination is considerably higher, as courts are generally reluctant to find the requisite level of misconduct in arms-length dealings between borrowers and lenders.") (citations and quotations omitted); *In re*

---

[2] While it is hard to divine the basis of plaintiffs' conclusory allegation which is made entirely on information and belief, to the extent it is intended to denote some form of knowing and intentional misconduct, that allegation must also be stated with particularity. *See* June 11, 2009 Tentative Ruling, ¶5 ("[t]o the extent that subordination is premised on fraudulent conduct, such conduct must be stated with particularity"); *Latu v. Long Beach Mortg. Co.*, No. C 09-00438 CW, 2009 WL 2912516, *2 (N.D. Cal. Sept. 9, 2009) ("Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b)"); *In re O.P.M. Leasing Servs., Inc.*, 32 B.R. 199, 204 (Bankr. S.D.N.Y. 1983) ("The case law generally holds that allegations of fraud based solely on information and belief usually do not satisfy the degree of particularity required by Rule 9(b). The particularity requirement may only be satisfied in a pleading on information and belief where the allegations are accompanied by a statement of the facts upon which the belief is founded.")

*80 Nassau Associates*, 169 B.R. 832, 839 (S.D.N.Y. 1994) ("the cases that enunciate the 'gross and egregious' or similar standard uniformly fail to find conduct that meets the standard, and deny equitable subordination").

Indeed, even where it is alleged that a party affirmatively aided and abetted another party's fraud, that has been found to be insufficient to state a claim of inequitable conduct for purposes of equitable subordination against a non-fiduciary, non-insider, such as Fenway. *See First Alliance*, 471 F.3d at 1007 (declining to treat the standard for aiding and abetting fraud as "a stand-in for inequitable conduct under the test for equitable subordination of bankruptcy claims" where the activities at issue were not carried out in contemplation of the later-filed bankruptcy, and the conduct was not a contributing factor to bringing about the bankruptcy or determining the ordering of creditors to the bankruptcy estate, and where defendant did nothing to improve its status as a creditor at the expense of any other creditor). Here, where it is not even alleged that Fenway aided and abetted any fraud by Lehman -- and the only harm based on plaintiffs' allegation would have been suffered by *JPMorgan, not the Debtors* – there is clearly no "gross or egregious" conduct *vis-à-vis* plaintiffs that could even arguably give rise to a claim against Fenway.[3]

Nor can plaintiffs state a claim for equitable subordination against Fenway based on their half-hearted allegation that "a transferee take[s] a claim subject to all defenses that could be raised against the transferor." (TAC ¶248). As Lehman's Motion to Dismiss makes clear, plaintiffs have pled no viable basis for their equitable subordination claim against Lehman, nor do they have any valid defenses against Lehman to which Fenway may even arguably be subject. But, even were that not the case, courts have recognized that where, as here, a transferee is a bona

---

[3] Because plaintiffs have not alleged inequitable conduct, the Court does not need to reach the question of whether the alleged misconduct resulted in harm to other creditors of conferred an unfair advantage on Fenway. *See, e.g., First Alliance*, 471 F.3d at 1007. In any event, there are no well-pled allegations to either effect.

7

fide, good faith purchaser for value, it does not take a claim subject to defenses against the transferor. *See, e.g., In re Enron Corp.*, 379 B.R. 425 (S.D.N.Y. 2007) (rejecting argument that good faith purchaser is subject to equitable subordination based on the conduct of transferor); *In re Enron Corp.*, No. 05-01025, 2007 WL 2780394 at *2 (S.D.N.Y. Sept. 24, 2007) ("if [transferee] is found to be a bona fide purchaser for value of [the transferor's] claims, that would require dismissal of the claims for equitable subordination and disallowance predicated on the conduct of [the transferor]"). Accordingly, no matter how one looks at it, plaintiffs have failed to state a claim for equitable subordination against Fenway.

### III. PLAINTIFFS' FRAUDULENT TRANSFER CLAIM MUST BE DISMISSED

Plaintiffs allege in their Fifth Claim that Fenway is liable to SunCal Acton, SunCal Bickford, SunCal Emerald, SunCal Summit, SunCal I, SunCal III, SunCal Marblehead and SunCal Heartland for alleged fraudulent transfers under sections 544(b) and 548 of the Bankruptcy Code, and Sections 3439.04 and 3439.05 of the California Civil Code.

Fenway incorporates all of the arguments set forth in Lehman's Motion to Dismiss to the extent applicable, including, but not limited to, the arguments that plaintiffs fail to meet the stringent pleading requirements of Federal Rule of Civil Procedure 9(b) and Bankruptcy Rule § 7009(b) to the extent they are attempting to plead a actual fraudulent transfer claim, or the recently redefined Rule 8 standard applicable to a constructive fraudulent transfer claim. Thus, as Lehman's Motion to Dismiss makes clear, the complaint fails to plead, among other things: (i) any individualized analysis of the various alleged transfers and instead aggregate them into three payments (only two of which are alleged to relate to Fenway); (ii) the dates on which any alleged transfer was made; (iii) any facts demonstrating that reasonably equivalent value was not received and/or that the Debtors were insolvent or rendered insolvent as a result of such alleged transfers; and/or (iv) that there is an actual creditor of any debtor on whose behalf avoidance is sought.

8

All plaintiffs do is parrot the statutory requirements of the Bankruptcy Code, without providing any "further factual enhancement." As countless courts have recognized, this is insufficient, as a matter of law, to state a claim. *See, e.g., Iqbal*, 129 S.Ct at 1949 (stating that a complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement"); *In re Global Link Telecom Corp.*, 327 B.R. 711, 718 (Bankr. D. Del. 2005) (dismissing constructive fraudulent transfer claim even under the "more liberal pleading requirements" where the complaint simply alleged the statutory elements of a constructive fraud action because "fair notice requires something more than a quotation from the statute") (internal citations and quotations omitted); *In re O.P.M. Leasing Servs., Inc.*, 32 B.R. 199, 204 (Bankr. S.D.N.Y. 1983) (dismissing §548 claims where complaint merely "parrot[ed]" the elements of the statute; "these words do not explain and do not specify any facts," and "smacks of multiple choice or menu pleading").

But that is not all. Plaintiffs allege that all of the purported transfers they are seeking to avoid were made from various entities to *Lehman ALI*. (TAC ¶¶276-288, 327-337). They do not allege, or even attempt to plead, that any of the property or funds purportedly transferred (fraudulently) to Lehman ALI were then, in turn, transferred to *Fenway*, much less provide a date on which any such alleged transfer was made or in what amount. *See, e.g., In re Motorwerks, Inc.*, 371 B.R. 281, 293-94 (Bankr. S.D. Ohio 2007) (dismissing fraudulent transfer claims where complaint failed to identify, by date or amount, alleged transfers to be avoided); *Global Link*, 327 B.R. at 718 (to properly plead a constructive fraudulent transfer claim, courts have consistently required specific allegations identifying the property transferred or the obligations incurred, the date of the transfers or incurrence of such obligations, and amounts paid by debtors). Instead, in what appears to be an attempt to hedge their bets, plaintiffs make the tepid and baseless allegation that "to the extent that Fenway was a transferee," it was "not a good

9

faith transferee" (TAC ¶¶289, 338), thereby effectively conceding they don't know, and thus lack a factual basis for suing Fenway. This cryptic allegation is, moreover, and in any event, a quintessential legal conclusion devoid of "further factual enhancement" to which the Court need give no deference. *See Iqbal,* 129 S.Ct at 1949.

## IV. PLAINTIFFS' CLAIM TO AVOID AND RECOVER PREFERENTIAL TRANSFERS MUST BE DISMISSED

Plaintiffs seek in their Sixth Claim to avoid and recover *from Fenway* certain pre-petition payments made *to Lehman ALI* that it alleges were preferential payments and thus recoverable pursuant to Sections 547 and 550 of the Bankruptcy Code. Specifically, plaintiffs seek to recover: (i) $6,195,440.46 allegedly made by SunCal Delta Coves to Lehman ALI (the "Delta Coves Payments"); and (ii) $3,390,280.37 allegedly made by *non-debtor* SunCal Marblehead Heartland Master LLC to Lehman ALI (the "Marblehead Payment," and together with the Delta Cove Payments, the "Payments"), both of which were alleged to have been made to *Lehman ALI* (not Fenway) during the one-year period prior to the respective Debtors' petition dates. (TAC ¶¶341, 346, 365, 370).

As with plaintiffs' fraudulent transfer claim, plaintiffs' claim to avoid alleged preferential transfers falls far short of meeting the required pleading standard. Fenway again incorporates all of the arguments made in Lehman's Motion to Dismiss to the extent applicable. The pleading deficiencies identified therein *vis-à-vis* Lehman are even more acute as they relate to Fenway. The complaint does not allege that Fenway *actually* received any preferential payments (much less when or in what amounts), but merely alleges, without any factual support whatsoever, that "to the extent that Fenway was a transferee," it was "not a good faith transferee." (TAC ¶¶350, 375). As set forth above and in Lehman's motion to dismiss, such allegations are inadequate. *See, e.g., In re Motorwerks,* 371 B.R. at 293-94 (preferential transfer claim failed to meet the minimum information required by Rule 8 where it "generally identif[ied] the types of

10

transfer to be avoided," but "fail[ed] to identify the avoidable leases of payments with any specificity" and merely "parrot[ed] the relevant statutory language of §547"); *In re Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr. D. Del. 2003) (dismissing preference avoidance claim which did not specify amount and date of each transfer on the grounds that the claim failed to provide defendant with fair notice of what debtor's claim and the grounds upon which it rested); *Posman v. Bankers Trust Co. (In re Lomas Financial Corp.)*, No. ADV. A-97-245, 1999 WL 33742299, *2 (Bankr. D. Del. July 28, 1999) (dismissing preference complaint where the only fact alleged was the total amount of the alleged transfers, and stating that, in order to survive a motion to dismiss, a complaint to avoid preferential transfers must contain: (a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer).

But plaintiffs' claim fails against Fenway fails for another independent reason. Fenway, unlike Lehman, is not alleged to have been an insider of any debtor and, as such, any alleged preferential payments must have been made within ninety days of the filing of the bankruptcy (rather than the one year permitted for preferential transfers made to insiders) in order to be recoverable from Fenway under Bankruptcy Code section 550. *See* 11 U.S.C. §550(c); *see also, e.g., General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1502 (11th Cir. 1997) ("Under the Bankruptcy Code, a trustee may avoid any non-insider preference payment made by a debtor only if the transfer of interest was made on or within 90 days before the date of filing of the petition."). Here, there is no such allegation. Instead, the only allegation made in this regard is that the payments were made to *Lehman* within *one year* of the filing of the bankruptcy. This does not state a claim to avoid alleged preferential transfers from Fenway, a non-insider.

11

## V. PLAINTIFFS' CLAIMS TO VOID LIENS AND DISALLOW CLAIMS AND LIENS MUST BE DISMISSED

In their Seventh and Eighth Claims, plaintiffs seek, respectively, to void the liens held by LCPI against the equity interests of SunCal I in SunCal Acton, SunCal Summit, SunCal Beaumont, SunCal Johannson, SunCal Emerald, and SunCal Bickford, and the liens held by LCPI against the SunCal III estate under Section 506(d) of the Bankruptcy Code (the "Claim Seven Liens") (TAC ¶¶377-385), and to disallow any claims and liens filed by Lehman pursuant to Section 502(d) of the Bankruptcy Code. (TAC ¶¶386-389).

With respect to the Claim Seven Liens, which the complaint alleges are held by LCPI, the complaint makes only the conclusory allegation that the liens are "equally as void" under Section 506(d) "to the extent that Fenway is the transferee of these liens" as if they were "still in the hands of LCPI." (TAC ¶381). The complaint does not allege that the Claim Seven Liens were in fact transferred to Fenway, nor does it provide any factual support for the conclusory claim that they are "equally as void" under Section 506(d). In any event, as set forth in Section VI of Lehman's Motion to Dismiss, which is expressly incorporated herein, the Supreme Court has expressly disavowed the form of lien-stripping that plaintiffs request. *See Dewsnup v. Timm*, 502 U.S. 410 (1992); *see also Gold Coast Asset Acquisition, L.P. v. 1441 Veteran Street Co. (In re 1441 Veteran Street Co.)*, 144 F.3d 1288 (9th Cir. 1998). In addition, Section 506(d) applies only when a claim has been disallowed. Here, it is not alleged that the claims securing the Claim Seven Liens have been disallowed (and, in fact, they have not been).

With respect to plaintiffs' Eighth Claim, plaintiffs make no allegations specific to Fenway whatsoever. Accordingly, Fenway adopts herein by reference all of the arguments made in Lehman's Motion to Dismiss as to Claim Eight.

## CONCLUSION

For the foregoing reasons and those set forth in Lehman's Motion to Dismiss, Fenway respectfully requests that this Court dismiss the Third Amended Complaint, and each and every claim therein directed against it, in their entirety, with prejudice, and grant such other and further relief as this Court deems proper and just.

Date: September 30, 2009

DEWEY & LEBOEUF LLP

By: _____
John E. Schreiber
333 South Grand Street
Suite 2600
Los Angeles, California 90071
Telephone: (213) 621-6000
Facsimile: (213) 621-6100

Richard W. Reinthaler
Corinne D. Levy
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for Fenway Capital, LLC*

**PROOF OF SERVICE**

I declare that I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within case; my business address is: Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA 90071-1530.

On September 30, 2009, I served the following document(s) described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** on the following interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ]  (BY TELEFACSIMILE TRANSMISSION) at approximately _____ [ ] a.m. [ ] p.m., from the telefacsimile transmitting machine at the offices of Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA 90071-1530, [facsimile number (213) 621-6100], to the attention of the following interested parties in this action, at addressee's facsimile no. as set forth above. This transmission was reported as complete and without error. The attached transmission confirmation report was properly issued by the transmitting facsimile machine.

[ ]  (BY FEDERAL EXPRESS DELIVERY)

[X]  (BY MAIL) I caused to be served on parties in this action the said documents by placing a true copy thereof in a sealed envelope with postage fully prepaid and then by sealing said envelope and depositing the envelope in the United States mail.

[X]  (BY ELECTRONIC MAIL) I caused such documents to be served on the parties by e-mailing a copy thereof.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 30, 2009 at Los Angeles, California.

*Evelyn Leon*
Evelyn Leon

## SERVICE LIST

| | |
|---|---|
| Louis R. Miller<br>Miller Barondess, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>smiller@millerbarondess.com | Brian Procel<br>Miller Barondess, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>bprocel@millerbarondess.com |
| Martin Pritikin<br>Miller Barondess, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>mpritikin@millerbarondess.com | Paul Couchot<br>Winthrop Couchot<br>660 Newport Center Drive, 4th Floor<br>Newport Beach, CA 92660<br>pcouchot@winthropcouchot.com |
| Peter Lianides<br>Winthrop Couchot<br>660 Newport Center Drive, 4th Floor<br>Newport Beach, CA 92660<br>plianides@winthropcouchot.com | William N. Lobel<br>The Lobel Firm<br>840 Newport Center Drive, Suite 750<br>Newport Beach, CA 92660<br>wlobel@thelobelfirm.com |
| Lei Lei Wang Ekvall<br>Weiland Golden Smiley, et al.<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626<br>lekvall@wglip.com | United States Trustee (SA)<br>411 W. Fourth Street, Suite 9041<br>Santa Ana, CA 92701-4593<br>ustpregion16.sa.ecf@usdoj.gov |
| United States Trustee (SA)<br>411 W. Fourth Street, Suite 9041<br>Santa Ana, CA 92701-4593<br>michael.hauser@usdog.gov | Steven Speier<br>Squar Milner<br>4100 Newport Place Drive, 3rd Floor<br>Newport Beach, CA 92660<br>sspeier@squarmilner.com |
| Dean A. Ziehl<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA 90067-4102<br>dziehl@pszjlaw.com | Joseph A. Eisenberg<br>Jeffer Mangels Butler & Marmaro LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>jae@jmbm.com |
| Mark E. McKane<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104<br>mmckane@kirkland.com | Christopher W. Keegan<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104<br>ckeegan@kirkland.com |
| Edward Soto<br>Weil Gotshal<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Edward.soto@weil.com | Christopher T. Williams<br>Venable, LLP<br>2049 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>ctwilliams@venable.com |