Jonathan M. Hoff (CA Bar No. 099787)
jonathan.hoff@cwt.com
Gregory Petrick (*Pro hac vice admission pending*)
gregory.petrick@cwt.com
**CADWALADER, WICKERSHAM & TAFT LLP**
One World Financial Center
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

BETTY M. SHUMENER (Bar No. 137220)
HENRY H. OH (Bar No. 187127)
henry.oh@dlapiper.com
**DLA PIPER LLP (US)**
550 South Hope Street, Suite 2300
Los Angeles, CA  90071-2678
Telephone:  (213) 330-7700
Facsimile:  (213) 330-7701

Attorneys for the JOINT PROVISIONAL
LIQUIDATORS OF LEHMAN RE LTD.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:08-bk-17206-ES |
| PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS, | Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17224-ES; 8:08-bk-17225-ES; 8:08-bk-17227-ES 8:08-bk-17230-ES; 8:08-bk-17231-ES 8:08-bk-17236-ES; 8:08-bk-17240-ES 8:08-bk-17242-ES; 8:08-bk-17245-ES 8:08-bk-17246-ES; 8:08-bk-17248-ES 8:08-bk-17249-ES; 8:08-bk-17404-ES 8:08-bk-17407-ES; 8:08-bk-17408-ES 8:08-bk-17409-ES; 8:08-bk-17458-ES 8:08-bk-17465-ES; 8:08-bk-17470-ES 8:08-bk-17472-ES; 8:08-bk-17473-ES 8:08-bk-17474-ES; 8:08-bk-17475-ES 8:08-bk-17588-ES |
| Jointly Administered Debtor and Debtors-in-Possession | |
| Affects: | Adversary No. 8:09-ap-01005-ES |
| ☒  All Debtors<br>☒  Palmdale Hills Property, LLC,<br>☐  SunCal Beaumont Heights, LLC<br>☒  SCC/Palmdale, LLC<br>☐  SunCal Johannson Ranch, LLC<br>☒  SunCal Summit Valley, LLC<br>☒  SunCal Emerald Meadows LLC<br>☒  SunCal Bickford Ranch, LLC<br>☒  Acton Estates, LLC<br>☐  Seven Brothers LLC<br>☒  SJD Partners, Ltd.<br>☒  SJD Development Corp.<br>☐  Kirby Estates, LLC<br>☒  SunCal Communities I, LLC<br>☒  SunCal Communities II, LLC | **DEFENDANT LEHMAN RE LTD.'S ANSWER TO THIRD AMENDED ADVERSARY PROCEEDING COMPLAINT AND COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR**<br>**(1)   JUDICIAL FORECLOSURE; and**<br>**(2)   DECLARATORY RELIEF** |

1

1
☒ SCC Communities LLC
☒ North Orange Del Rio Land, LLC

2
☒ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC

3
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC

4
☒ SunCal Marblehead, LLC
☒ SunCal Century City, LLC

5
☒ SunCal PSV, LLC

6
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC

7
☒ SunCal Oak Knoll, LLC

8

9
**Debtor-In-Possession Plaintiffs**
PALMDALE HILLS PROPERTY, LLC, a

10
Delaware limited liability company;
SUNCAL SUMMIT VALLEY, LLC, a

11
Delaware limited liability company;
SUNCAL EMERALD MEADOWS, LLC,

12
a Delaware limited liability company;
SUNCAL BICKFORD RANCH, LLC, a

13
Delaware limited liability company;
ACTON ESTATES, LLC, a Delaware

14
limited liability company; SJD
PARTNERS, LTD., a California limited

15
partnership; SJD DEVELOPMENT

16
CORP., a California corporation; NORTH
ORANGE DEL RIO LAND, LLC, a

17
Delaware limited liability company;

18
TESORO SF, LLC, a Delaware limited
liability company; SCC COMMUNITIES,

19
LLC, a Delaware limited liability
company; SUNCAL COMMUNITIES I,

20
LLC, a Delaware limited liability
company; SUN CAL COMMUNITIES II,

21
a Delaware limited liability company;

22
SCC/PALMDALE LLC, a Delaware
limited liability company;

23

24
**Trustee Plaintiffs**
STEVEN SPEIER, Chapter 11 Trustee, on

25
behalf of LB-L-SUNCAL OAK VALLEY,
LLC, a Delaware limited liability

26
company; SUNCAL HEARTLAND, LLC,
a Delaware limited liability company; LB-

27
L-SUNCAL NORTHLAKE, LLC, a
Delaware limited liability company;

28
SUNCAL MARBLEHEAD, LLC, a

Delaware limited liability company;
SUNCAL CENTURY CITY, LLC, a
Delaware limited liability company;
SUNCAL PSV, LLC, a Delaware limited
liability company; DELTA COVES
VENTURE, LLC, a Delaware limited
liability company; SUNCAL TORRANCE,
LLC, a Delaware limited liability
company; and SUNCAL OAK KNOLL,
LLC, a Delaware limited liability company,

Plaintiffs,

v.

LEHMAN ALI, INC., a Delaware
corporation; LEHMAN COMMERCIAL
PAPER, INC., a Delaware corporation;
OVC HOLDINGS, LLC, a Delaware
limited company; NORTHLAKE
HOLDINGS, LLC, a Delaware limited
liability company; LV PACIFIC POINT,
LLC, a Delaware limited liability
company; LEHMAN RE, LTD., a
Bermuda corporation; FENWAY
CAPITAL, LLC, a Delaware limited
liability company; DANSKE BANK A/S,
LONDON BRANCH, a United Kingdom
corporation,

Defendants,

LEHMAN RE, LTD., a Bermuda
corporation,

Counterclaim and Third
Party Complaint Plaintiff,

v.

**Counterclaim Defendants** SJD
PARTNERS, LTD., a California limited
partnership; SJD DEVELOPMENT
CORP., a California corporation;
LEHMAN ALI, INC., a Delaware
corporation; and LV PACIFIC POINT,
LLC, a Delaware limited liability
company; and

**Third Party Defendants** CHINO GRADING, INC., a California corporation; AMEC EARTH & ENVIRONMENTAL, INC., a Nevada corporation; BOVA CONTRACTING CORPORATION, a California corporation; BOUDREAU PIPELINE CORPORATION, a California corporation; JT CONSTRUCTION, INC., a California corporation; EXCAVATING ENGINEERS, INC. DBA HILLSIDE RETAINING WALLS COMPANY, a California corporation; VAUGHAN TRUCKING, LLC., a California limited liability company; MESA PACIFIC CONSTRUCTION, INC., a California corporation; VULCAN MATERIALS COMPANY, a New Jersey corporation; ALL AMERICAN ASPHALT, a California corporation; R.C. BERGER CONSTRUCTION, INC., DBA RC GRADING, a California corporation; CEMEX, INC., a Louisiana corporation; NATIONAL READY MIXED CONCRETE CO., a California corporation; JLS CONCRETE PUMPING, INC., a California corporation; TENSAR INTERNATIONAL CORPORATION FKA TENSAR EARTH TECHNOLOGIES, INC., a Georgia corporation; SIERRA PACIFIC ELECTRICAL CONTRACTING, a California corporation; JAG UTILITY CONSTRUCTION, INC., AKA JAG CONSTRUCTION, a California corporation; TONKA TRACTOR RENTALS, INC., a California corporation; CONTECH CONSTRUCTION PRODUCTIONS, INC., DBA CONTECH STORMWATER SOLUTIONS, INC., an Ohio corporation; BNB ENGINEERING, INC., an unknown entity; CONSTRUCTION SERVICE, INC., an unknown entity; OAK LEAF LANDSCAPE, INC., a California corporation; ALM PAINTING, INC., an unknown entity; BUCILLA GROUP ARCHITECTURE, INC., a California corporation, and DOEs 1 though 10,

inclusive,

Counterclaim and
Third Party Complaint
Defendants.

Defendant Lehman Re Ltd. ("Lehman Re") by its undersigned attorneys, for its answer to the Third Amended Adversary Proceeding Complaint (the "Complaint"), responds as follows:

1.      States that Paragraph 1 of the Complaint purports to contain a description of this proceeding and conclusions of law, to which no response is required.  To the extent that anything in Paragraph 1 is intended as a basis for liability against Lehman Re, it is denied.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      States that to the extent Paragraph 3 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required.  Lehman Re admits that it is a wholly owned subsidiary of Lehman Brothers Holdings, Inc. ("LBHI"), and denies the remaining allegations contained in Paragraph 3.  In particular, Lehman Re denies that it ever had any dealings with SunCal, the Plaintiffs, or the Debtors (as those terms are defined in the Complaint), and denies that it is controlled by "Lehman", and states that, for purposes of its answer to Paragraph 3, Lehman Re is excluded from the definition of the term "Lehman" that is found in the Complaint.  In that regard, Lehman Re admits that it is subject to (i) a voluntary winding up proceeding in the Supreme Court of Bermuda (the "Bermuda Proceeding") and (ii) a chapter 15 proceeding in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"), which recognized the Bermuda Proceeding as a foreign main proceeding by Order dated September 24, 2009.

4.      States that to the extent Paragraph 4 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required.  Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 4, except admits that Fenway Capital LLC and Danske Bank A/S London Branch are named as defendants in this action.

5.     Denies the allegations contained in Paragraph 5 of the Complaint to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the allegations that concern purported conduct by others.

6.     States that to the extent Paragraph 6 of the Complaint purports to contain conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 6.

7.     Denies the allegations contained in Paragraph 7 of the Complaint to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the allegations that concern purported conduct by others.

8.     Denies the allegations contained in Paragraph 8 of the Complaint to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the allegations that concern purported conduct by others.

9.     Paragraph 9 of the Complaint purports to contain a description of this proceeding and conclusions of law, to which no response is required; to the extent anything in Paragraph 9 is intended as a basis for liability against Lehman Re, it is denied.

10.     Paragraph 10 of the Complaint contains conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 10 to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the allegations that concern purported conduct by others.  Lehman Re further states that it has filed one or more proofs of claim in In re Lehman Brothers Holdings Inc., et al., Chapter 11 Case No. 08-13555 (JMP), currently pending in the New York Bankruptcy Court and admits that Lehman Re is subject to (i) the Bermuda Proceeding and (ii) a chapter 15 proceeding in the New York Bankruptcy Court, which recognized the Bermuda Proceeding as a foreign main proceeding by Order dated September 24, 2009.

11.     States that to the extent the allegations contained in Paragraph 11 of the Complaint contain conclusions of law, no response is required; to the extent a response is required,

1   Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

2   allegations contained in Paragraph 11.

3           12.     States that the allegations contained in Paragraph 12 of the Complaint contain

4   conclusions of law, to which no response is required; to the extent a response is required, Lehman Re

5   denies the allegations contained in Paragraph 12 with respect to the allegations and claims involving

6   the Pacific Point property and Lehman Re and denies knowledge or information sufficient to form a

7   belief as to the truth of the remaining allegations contained in Paragraph 12.

8           13.     States that the allegations contained in Paragraph 13 of the Complaint contain

9   conclusions of law, to which no response is required; to the extent a response is required, Lehman Re

10  denies the allegations contained in Paragraph 13 with respect to the allegations and claims involving

11  the Pacific Point property and Lehman Re and denies knowledge or information sufficient to form a

12  belief as to the truth of the remaining allegations contained in Paragraph 13.

13          14.     States that the allegations contained in Paragraph 14 of the Complaint contain

14  conclusions of law, to which no response is required; to the extent a response is required, Lehman Re

15  denies the allegations contained in Paragraph 14 and states that Lehman Re does not consent to an

16  entry of a final order or judgment on the non-core causes of action that are currently alleged against

17  Lehman Re pursuant to the allegations presently contained in the Complaint.  Lehman Re does not

18  consent, and expressly reserves its right to object, to any additional claims or allegations that could or

19  might be raised against Lehman Re by the Plaintiffs in the future.

20          15.     Paragraph 15 of the Complaint purports to contain a description of this

21  proceeding and conclusions of law, to which no response is required; to the extent anything in

22  Paragraph 15 is intended as a basis for liability against Lehman Re, it is denied.

23          16.     Denies knowledge or information sufficient to form a belief as to the truth of

24  the allegations contained in Paragraphs 16 through 20 of the Complaint.

25          17.     Denies knowledge or information sufficient to form a belief as to the truth of

26  the allegations contained in Paragraph 21 of the Complaint, except admits, upon information and

27  belief, that SJD Partners, Ltd. ("SJD Partners") formerly had title to certain real property which is

28

referred to in the Complaint as "Pacific Point," but is no longer the owner or title holder of Pacific Point.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 22 through 28 of the Complaint.

19.     States that Paragraph 29 of the Complaint purports to contain a description of this proceeding and conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

21.     States that to the extent Paragraph 31 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

22.     States that to the extent Paragraphs 32 through 35 of the Complaint purport to contain conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 32 through 35.

23.     States that to the extent Paragraph 36 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

24.     States that to the extent Paragraph 37 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except admits that LV Pacific Point is the current owner and title holder of Pacific Point.

25.     Denies the allegations contained in Paragraph 38 of the Complaint, except admits that Lehman Re is a corporation organized under the laws of Bermuda, maintains its principal place of business in Bermuda, is a wholly-owned subsidiary of LBHI, is a bona fide purchaser of a secured promissory note (term loan) made by SJD Partners on February 16, 2006 (the "Pacific Point Term Loan") and has a perfected, first-priority lien on Pacific Point.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 39 through 43 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, except denies that Lehman Re financed any of "SunCal's projects."

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, except denies that Lehman Re made any investments with SunCal or worked with SunCal on any of the projects identified in the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, except denies that Lehman Re provided debt financing on any SunCal projects.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, except denies that Lehman Re participated as a lender on any SunCal projects, but admits that Lehman Re purchased the Pacific Point Term Loan.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, except denies that Lehman Re invested in any projects with SunCal or that the Pacific Point Term Loan has been or will be "highly profitable" for Lehman Re and admits that Lehman Re purchased the Pacific Point Term Loan.

32.     Denies the allegations contained in Paragraphs 49 through 60 of the Complaint to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 49 through 60.

33.     Paragraph 61 purports to contain a description of this proceeding and conclusions of law, to which no response is required; to the extent anything in Paragraph 61 is intended as a basis for liability against Lehman Re, it is denied.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 62 and 63 of the Complaint, except admits, upon information and belief, that the original lender under the Pacific Point Term Loan was Lehman ALI and the original borrower was SJD Partners.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, except admits that the Pacific Point Term Loan is secured by a first-priority deed of trust, and respectfully refers the Court to the deed of trust for a complete and accurate statement of its contents.

36.     Denies the allegations contained in Paragraph 65 of the Complaint to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the allegations that concern purported conduct by others.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 66 through 71 of the Complaint.

38.     Denies the allegations contained in Paragraph 72 of the Complaint to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they concern purported conduct by others or the value of the Projects in 2007.

39.     Denies the allegations contained in Paragraph 73 of the Complaint to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the allegations that concern purported conduct by others.

40.     States that, to the extent Paragraph 74 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 74 to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they concern purported conduct by others.

41.     Denies the allegations contained in of Paragraphs 75 through 88 of the Complaint to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 75 through 88 to the extent they concern purported conduct by others.

42.     Denies the allegations contained in Paragraphs 89 through 109 of the Complaint to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 89 through 109.

43.     Denies the allegations contained in Paragraph 110 of the Complaint to the extent they purport to concern Lehman Re and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 to the extent they concern purported conduct by others.

44.     Denies the allegations contained in Paragraphs 111 through 113 of the Complaint to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 111 through 113 to the extent they concern purported conduct by others.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

46.     Denies the allegations contained in Paragraphs 115 through 158 of the Complaint to the extent they purport to concern Lehman Re, Pacific Point, SJD Partners or SJD Development Corp. ("SJD Development"), and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 115 through 158 to the extent they concern purported conduct by others.

47.     Denies the allegations contained in Paragraph 159 of the Complaint to the extent they purport to concern Lehman Re and Pacific Point, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint to the extent they concern purported conduct by others, but admits that Lehman Re

purchased the Pacific Point Term Loan, which purchase has been confirmed by Order of the New York Bankruptcy Court.

48.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint, and denies the allegations contained in footnote 13 to the extent they purport to concern Lehman Re and Pacific Point.

49.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 161 through 169 of the Complaint.

50.      States that to the extent Paragraph 170 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170.

51.      States that Paragraph 171 of the Complaint contains conclusions of law to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 171 to the extent they purport to concern Lehman Re and Pacific Point, but admits that Lehman Re purchased the Pacific Point Term Loan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 to the extent they concern purported conduct by others.

52.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 172 and 173 of the Complaint.

53.      States that to the extent Paragraphs 174 through 203 of the Complaint contain (a) descriptions of this or other legal proceedings, including papers filed by others in such proceedings, and (b) conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 174 through 203, except denies any and all allegations contained in Paragraphs 199 through 203 to the extent they purport to concern Lehman Re and Pacific Point.

54.      States that the allegations contained in Paragraph 204 of the Complaint contain conclusions of law to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 204 to the extent they purport to concern

Lehman Re and Pacific Point, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 that concern purported conduct by others.

55.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the Complaint, except admits that the real property referred to as Pacific Point is located in San Juan Capistrano.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 206 through 208 of the Complaint and respectfully refers the Court to the purported Restructuring and Settlement Agreements referenced therein, to which Lehman Re was not a party, for a complete and accurate statement of their contents.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 209 through 211 of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint, except admits that LV Pacific Point foreclosed on Pacific Point on or about August 28, 2008.

59.    Denies the allegations contained in Paragraph 213 of the Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Complaint and respectfully refers the Court to the purported "estoppel certificate" referenced therein, to which Lehman Re was not a party, for a complete and accurate statement of its contents.

61.    Denies the allegations contained in Paragraph 215 of the Complaint.

62.    Denies the allegations contained in Paragraph 216 of the Complaint, but admits that (a) Lehman Re purchased the Pacific Point Term Loan and has a first-priority lien on the Pacific Point property, (b) Lehman Re is a wholly owned subsidiary of LBHI, and (c) LV Pacific Point foreclosed on Pacific Point on or about August 28, 2008, and states, upon information and belief, that LBHI commenced a chapter 11 bankruptcy proceeding in the New York Bankruptcy Court on or about September 15, 2008.

63.     Denies the allegations contained in Paragraph 217 of the Complaint and states, upon information and belief, that LBHI commenced a chapter 11 bankruptcy proceeding in the New York Bankruptcy Court on or about September 15, 2008.

64.     Denies the allegations contained in Paragraphs 218 and 219 of the Complaint, but admits that SJD Partners and SJD Development do not own Pacific Point.

65.     States that the allegations contained in Paragraph 220 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 220.

66.     States that the allegations contained in Paragraph 221 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 221.

67.     States that the allegations contained in Paragraph 222 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 222.

68.     States that the allegations contained in Paragraph 223 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 223.

69.     States that to the extent Paragraph 224 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent anything in Paragraph 224 is intended as a basis for liability against Lehman Re or purports to concern Lehman Re and Pacific Point, it is denied.

70.     States that to the extent Paragraph 225 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge and information sufficient to form a belief as to the allegations contained in subparagraphs (a) through (f) and (h).  With respect to the allegations contained in subparagraph (g), Lehman Re admits that as of October 14, 2008, Lehman Re has not itself filed a proof of claim against SJD Partners' estate and expressly reserves and preserves its right to file a proof of claim in the event that Pacific Point becomes an asset of the estate of SJD Partners

or any other Debtor and preserves its rights as to any proof of claim on file concerning the Term Loan, Pacific Point, SJD Partners, or SJD Development; denies that its interest in Pacific Point is subject to equitable subordination or transfer; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 225.

71.     States that to the extent Paragraph 226 of the Complaint purports to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 226 concerning loans other than the Pacific Point Term Loan, but denies that SJD Partners or SJD Development is entitled to equitable subordination of the Pacific Point Term Loan, admits that Lehman Re is now the lender under the Pacific Point Term Loan, and states upon information and belief that Lehman ALI was the original lender under the Pacific Point Term Loan.

72.     States that to the extent Paragraph 227 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 and respectfully refers the Court to the referenced proofs of claim for a complete and accurate statement of their contents, but admits that (a) Lehman ALI was the original lender and SJD Partners was the original borrower under the Pacific Point Term Loan, (b) on or about August 28, 2008, LV Pacific Point foreclosed on Pacific Point; (c) Lehman Re is now the lender under the Pacific Point Term Loan, and (d) Lehman Re has a first-priority lien on Pacific Point.

73.     In response to the allegations of Paragraph 228 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 228.

74.     States that to the extent the allegations contained in Paragraphs 229 through 237 of the Complaint purport to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 229

through 237, but denies the allegations contained in Paragraphs 229 through 237 to the extent they purport to concern Lehman Re and Pacific Point.

75.    States that to the extent the allegations contained in Paragraph 238 of the Complaint purport to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 238 to the extent they purport to concern Lehman Re, Pacific Point, SJD Partners and SJD Development, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 to the extent they concern purported conduct by others.

76.    States that to the extent the allegations contained in Paragraph 239 of the Complaint purport to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 239 to the extent they purport to concern Lehman Re, Pacific Point, SJD Partners and SJD Development, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 to the extent they concern purported conduct by others.

77.    States that to the extent the allegations contained in Paragraph 240 of the Complaint purport to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 240 and respectfully refers the Court to the Settlement Agreement for a complete and accurate statement of its contents.

78.    States that to the extent the allegations contained in Paragraph 241 of the Complaint purport to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 241, but admits that Lehman Re is now the lender under the Pacific Point Term Loan.

79.    States that to the extent the allegations contained in Paragraphs 242 through 248 of the Complaint purport to contain a description of this proceeding or conclusions of law, no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 242

through 248, but denies the allegations contained in Paragraphs 242 through 248 to the extent they purport to concern Lehman Re and Pacific Point.

        80.    States that to the extent the allegations contained in Paragraph 249 of the Complaint purport to contain conclusions of law, no response is required; to the extent a response is required, Lehman Re admits that it owns the Pacific Point Term Loan and denies the remaining allegations contained in Paragraph 249.

        81.    States that to the extent Paragraph 250 of the Complaint purports to contain a description of this proceeding and conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 250.

        82.    In response to the allegations of Paragraph 251 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 251.

        83.    States that to the extent Paragraph 252 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 252.

        84.    States that to the extent Paragraph 253 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 253.

        85.    States that to the extent Paragraph 254 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 254, but admits that SJD Partners does not own Pacific Point and that LV Pacific Point foreclosed on Pacific Point.

        86.    States that to the extent Paragraph 255 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 255, but admits that LV Pacific Point foreclosed on Pacific Point and that LV Pacific Point now owns Pacific Point.

87.     States that to the extent Paragraph 256 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 256, but admits that LV Pacific Point foreclosed on Pacific Point.

88.     States that to the extent Paragraph 257 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 257, but admits that LV Pacific Point foreclosed on Pacific Point and that Lehman Re purchased the Pacific Point Term Loan, and states, upon information and belief, that LBHI commenced chapter 11 proceedings on or about September 15, 2008.

89.     States that to the extent Paragraph 258 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 258.

90.     States that to the extent Paragraph 259 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 259, but admits that Plaintiffs consented to LV Pacific Point's foreclosure on Pacific Point and that SJD Partners does not own Pacific Point.

91.     States that to the extent Paragraph 260 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 260, but admits that Plaintiffs consented to LV Pacific Point's foreclosure on Pacific Point and that SJD Partners does not own Pacific Point.

92.     States that to the extent Paragraph 261 of the Complaint contains conclusions of law, no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 261, but admits that SJD Partners does not own Pacific Point and that Lehman Re is the current lender under the Pacific Point Term Loan and has a first-priority lien on Pacific Point.

93.     In response to the allegations of the unnumbered Paragraph at lines 5 and 6 of page 63 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to the unnumbered Paragraph.

94.     States that the allegations contained in Paragraphs 262 through 271 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraphs 262 through 271.

95.     In response to the allegations of Paragraph 272 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 272.

96.     States that the allegations contained in Paragraphs 273 and 274 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraphs 273 and 274.

97.     In response to the allegations of Paragraph 275 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 275.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 276 through 278 of the Complaint.

99.     States that Paragraph 279 of the Complaint contains a statement defining a term used in the Complaint and conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 of the Complaint.

101.     States that the allegations contained in Paragraphs 281 through 290 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 281 through 290.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 291 through 293 of the Complaint.

103.     States that Paragraph 294 of the Complaint contains a statement defining a term used in the Complaint and conclusions of law, to which no response is required; to the extent a

1   response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the

2   truth of the allegations contained in Paragraph 294.

3            104.    Denies knowledge or information sufficient to form a belief as to the truth of

4   the allegations contained in Paragraph 295 of the Complaint.

5            105.    States that the allegations contained in Paragraphs 296 through 303 of the

6   Complaint contain conclusions of law, to which no response is required; to the extent a response is

7   required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

8   allegations contained in Paragraphs 296 through 303.

9            106.    Denies knowledge or information sufficient to form a belief as to the truth of

10  the allegations contained in Paragraphs 304 and 305 of the Complaint.

11           107.    States that Paragraph 306 of the Complaint contains a statement defining a

12  term used in the Complaint and conclusions of law, to which no response is required; to the extent a

13  response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the

14  truth of the allegations contained in Paragraph 306.

15           108.    Denies knowledge or information sufficient to form a belief as to the truth of

16  the allegations contained in Paragraph 307 of the Complaint.

17           109.    States that the allegations contained in Paragraphs 308 through 315 of the

18  Complaint contain conclusions of law, to which no response is required; to the extent a response is

19  required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

20  allegations contained in Paragraphs 308 through 315.

21           110.    Denies knowledge or information sufficient to form a belief as to the truth of

22  the allegations contained in Paragraphs 316 and 317 of the Complaint.

23           111.    States that Paragraph 318 of the Complaint contains a statement defining a

24  term used in the Complaint and conclusions of law, to which no response is required; to the extent a

25  response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained in Paragraph 318.

27           112.    States that the allegations contained in Paragraphs 319 through 326 of the

28  Complaint contain conclusions of law, to which no response is required; to the extent a response is

1    required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

2    allegations contained in Paragraphs 319 through 326.

3             113.    Denies knowledge or information sufficient to form a belief as to the truth of

4    the allegations contained in Paragraphs 327 and 328 of the Complaint.

5             114.    States that Paragraph 329 of the Complaint contains a statement defining a

6    term used in the Complaint and conclusions of law, to which no response is required; to the extent a

7    response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the

8    truth of the allegations contained in Paragraph 329.

9             115.    Denies knowledge or information sufficient to form a belief as to the truth of

10   the allegations contained in Paragraph 330 of the Complaint.

11            116.    States that the allegations contained in Paragraphs 331 through 339 of the

12   Complaint contain conclusions of law, to which no response is required; to the extent a response is

13   required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

14   allegations contained in Paragraphs 331 through 339.

15            117.    In response to the allegations of Paragraph 340 of the Complaint, repeats and

16   realleges its responses to the allegations to each and every allegation preceding and subsequent to

17   Paragraph 340.

18            118.    States that the allegations contained in Paragraphs 341 through 348 of the

19   Complaint contain conclusions of law, to which no response is required; to the extent a response is

20   required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

21   allegations contained in Paragraphs 341 through 348.

22            119.    Denies knowledge or information sufficient to form a belief as to the truth of

23   the allegations contained in Paragraph 349 of the Complaint.

24            120.    States that the allegations contained in Paragraphs 350 through 372 of the

25   Complaint contain conclusions of law, to which no response is required; to the extent a response is

26   required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the

27   allegations contained in Paragraphs 350 through 372.

28

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 373 of the Complaint.

122.     States that the allegations contained in Paragraphs 374 through 376 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 374 through 376.

123.     In response to the allegations of Paragraph 377 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 377.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 378 and 379 of the Complaint.

125.     States that the allegations contained in Paragraphs 380 and 381 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 380 and 381.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 382 of the Complaint.

127.     States that the allegations contained in Paragraphs 383 through 385 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 383 through 385.

128.     In response to the allegations of Paragraph 386 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 386.

129.     States that the allegations contained in Paragraphs 387 through 389 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 387 through 389.

130.     In response to the allegations of Paragraph 390 of the Complaint, repeats and realleges its responses to the allegations to each and every allegation preceding and subsequent to Paragraph 390.

131.     States that the allegations contained in Paragraph 391 of the Complaint purport to contain conclusions of law, to which no response is required; to the extent a response is required, Lehman Re denies the allegations contained in Paragraph 391 to the extent they purport to concern Lehman Re and Pacific Point and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 391 that concern purported conduct by others.

### GENERAL DENIAL

132.     Lehman Re denies each and every allegation not specifically admitted or denied including, without limitation, any allegations contained in the headings, subheadings and footnotes of the Complaint.

### DEFENSES

Lehman Re asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs or others.

### First Defense

133.     The Complaint, and each and every claim stated therein against Lehman Re or that affects the interests of Lehman Re, fails to state a claim upon which relief can be granted against Lehman Re.

### Second Defense

134.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs lack standing to pursue those alleged claims against Lehman Re or that affect the interests of Lehman Re.

### Third Defense

135.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' claims against Lehman Re or that affect the interests of Lehman Re are contingent, speculative, or hypothetical and therefore not ripe for adjudication.

### Fourth Defense

136.     Plaintiffs' claims are barred, in whole or in part, because the Bankruptcy Court lacks subject-matter jurisdiction over any dispute concerning the Pacific Point property.

### Fifth Defense

137.     Plaintiffs' claims are barred, in whole or in part, because the Bankruptcy Court lacks personal jurisdiction over Lehman Re.

### Sixth Defense

138.     Plaintiffs' claims against Lehman Re or that affect the interests of Lehman Re are barred, because the Complaint fails to plead those claims with the particularity required.

### Seventh Defense

139.     Plaintiffs' claims against Lehman Re or that affect the interests of Lehman Re are barred, in whole or in part, by the doctrines of waiver, estoppel, or laches.

### Eighth Defense

140.     Plaintiffs' claims against Lehman Re or that affect the interests of Lehman Re are barred, in whole or in part, by the doctrine of in pari delicto and by principles of equity.

### Ninth Defense

141.     Plaintiffs' claims against Lehman Re or that affect the interests of Lehman Re are barred, in whole or in part, by the doctrine of unclean hands.

### Tenth Defense

142.     Plaintiffs are not entitled to equitable relief because they have an adequate remedy at law.

### Eleventh Defense

143.     The injury for which Plaintiffs claim Lehman Re is responsible was caused or contributed to by persons, including without limitation by directors and officers of Plaintiffs who breached their fiduciary duties to Plaintiffs, or entities for whom Lehman Re is not responsible and for whom Lehman Re is not liable, or by factors other than the purported misconduct that Plaintiffs have alleged against Lehman Re and for which Lehman Re cannot be held liable to Plaintiffs.

**Twelfth Defense**

144.    At all times, and with respect to all matters contained herein, Lehman Re acted in good faith, exercised reasonable care and did not know of, and in the exercise of reasonable care could not have known of, the purported untruths, misstatements and/or omissions alleged in the Complaint.

**Thirteenth Defense**

145.    Plaintiffs' claims are barred because Plaintiffs' alleged injuries were not directly or indirectly caused by any alleged act or failure to act by Lehman Re.

**Fourteenth Defense**

146.    Lehman Re and its predecessors in interest in Pacific Point did not breach any duties owed to Plaintiffs.

**Fifteenth Defense**

147.    Lehman Re and its predecessors in interest in Pacific Point did not engage in any inequitable conduct in respect of Plaintiffs.

**Sixteenth Defense**

148.    As to the claims concerning Lehman Re, Plaintiffs have not stated a real property claim.

**Seventeenth Defense**

149.    Plaintiffs' claims against Lehman Re or that involve Lehman Re's interests are barred because Lehman Re is a bona fide purchaser of the Pacific Point Term Loan.

**Eighteenth Defense**

150.    Should Pacific Point become an asset of any of the Debtors' estates, or should the estate of LV Pacific Point be substantively consolidated with the estates of the Debtors, Lehman Re will be entitled to file one or more proofs of claim concerning its interests in Pacific Point. Moreover, to the extent, if any, that Lehman Re's predecessors in interest or agents have filed actual or contingent proofs of claim relating to Pacific Point, Lehman Re is entitled to rely on those proofs of claim.

### Nineteenth Defense

151.    Plaintiffs' first claim for relief fails to state a claim against Lehman Re as a matter of law because the legal owner of Pacific Point is a non-debtor, LV Pacific Point.

### Twentieth Defense

152.    Plaintiffs' second claim for relief fails as a matter of law because transfers to secured debtors, such as Lehman ALI, for antecedent debt incurred in the ordinary course of business are not avoidable under 11 U.S.C. § 547.

### Twenty-First Defense

153.    Plaintiffs' Second, Third and Fourth Claims against LV Pacific Point cannot be resolved without Lehman Re's participation, because resolution of those claims without the participation of Lehman Re may have a prejudicial effect on Lehman Re's ability to protect its interests in Pacific Point.

### Twenty-Second Defense

154.    Plaintiffs' Second, Third and Fourth Claims against LV Pacific Point cannot be resolved without Lehman Re's participation, because Lehman Re has a significantly protectable interest in Pacific Point, the disposition of the claims may impede Lehman Re's ability to protect its interest in Pacific Point, and the existing parties to those claims do not or cannot adequately represent Lehman Re's interests.

### Twenty-Third Defense

155.    Plaintiffs' claims involving Pacific Point fail as a matter of law because the foreclosure of Pacific Point by LV Pacific Point was valid and proper.

### Twenty-Fourth Defense

156.    Plaintiffs' claims against Lehman Re are barred by the statute of frauds.

### Twenty-Fifth Defense

157.    Lehman Re hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Lehman Re may share in such defenses.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

1.      As and for its counterclaim against plaintiffs SJD Partners and SJD Development and defendants LV Pacific Point and Lehman ALI and its third-party complaint against the third-party defendants listed below, Lehman Re alleges as follows:

## PARTIES

2.      Lehman Re is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of Bermuda.

3.      Lehman Re is informed and believes, and thereon alleges, that SJD Partners, Ltd. ("SJD Partners") is, and at all relevant times mentioned herein was, a limited partnership organized under the laws of California.

4.      Lehman Re is informed and believes, and thereon alleges, that SJD Development Corp. ("SJD Development") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California and the managing partner of SJD Partners.  SJD Partners and SJD Development are referred to herein collectively as the "SJD Entities."

5.      Lehman Re is informed and believes, and thereon alleges, that Lehman ALI ("Lehman ALI") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Delaware.

6.      Lehman Re is informed and believes, and thereon alleges, that LV Pacific Point, LLC ("LV Pacific Point") is, and at all relevant times mentioned herein was, a limited liability company organized under the laws of Delaware.

7.      Lehman Re is informed and believes, and thereon alleges, that third-party defendant Chino Grading, Inc. ("Chino Grading") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

8.      Lehman Re is informed and believes, and thereon alleges, that third-party defendant AMEC Earth & Environmental, Inc. ("AMEC") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Nevada.

9.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Bova Contracting Corporation ("Bova") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

10.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Boudreau Pipeline Corporation ("Boudreau") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

11.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant JT Construction, Inc. ("JT") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

12.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Excavating Engineers, Inc. dba Hillside Retaining Walls Company ("Excavating Engineers") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

13.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Vaughan Trucking, LLC ("Vaughan") is, and at all relevant times mentioned herein was, a limited liability company organized under the laws of California.

14.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Mesa Pacific Construction, Inc. ("Mesa Pacific") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

15.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Vulcan Materials Company ("Vulcan") is, and at all relevant times mentioned herein was, a corporation organized under the laws of New Jersey.

16.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant All American Asphalt ("American Asphalt") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

17.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant R.C. Berger Construction, Inc., dba RC Grading ("RC Berger") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

18.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Cemex, Inc. ("Cemex") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Louisiana.

19.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant National Ready Mixed Concrete Co. ("National") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

20.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant JLS Concrete Pumping, Inc. ("JLS") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

21.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Tensar International Corporation fka Tensar Earth Technologies, Inc. ("Tensar") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Georgia.

22.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Sierra Pacific Electrical Contracting ("Sierra Pacific") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

23.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Jag Utility Construction, Inc., aka Jag Construction ("Jag Construction") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

24.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Tonka Tractor Rentals, Inc. ("Tonka") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

25.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant Contech Construction Productions, Inc., dba Contech Stormwater Solutions, Inc. ("Contech") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Ohio.

26.     Lehman Re is informed and believes, and thereon alleges, that third-party defendant BNB Engineering, Inc. ("BNB") is an unknown entity.

27. Lehman Re is informed and believes, and thereon alleges, that third-party defendant Construction Service, Inc. ("Construction Service") is an unknown entity.

28. Lehman Re is informed and believes, and thereon alleges, that third-party defendant Oak Leaf Landscape, Inc. ("Oak Leaf") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

29. Lehman Re is informed and believes, and thereon alleges, that third-party defendant ALM Painting, Inc. ("ALM Painting") is an unknown entity.

30. Lehman Re is informed and believes, and thereon alleges, that third-party defendant Bucilla Group Architecture, Inc. ("Bucilla") is, and at all relevant times mentioned herein was, a corporation organized under the laws of California.

31. The true names and capacities of the defendants named herein as DOEs 1 through 10, inclusive, whether individual, corporate, partnership, associate or otherwise, are unknown to Lehman Re and, as such, are sued by fictitious names. When Lehman Re ascertains the true names and capacities of the DOE defendants, it will seek leave of Court to amend this pleading to include their true names and capacities. Lehman Re alleges that all DOE defendants bear responsibility for some or all of the wrongful acts and/or are parties to the disputes alleged herein.

32. Hereinafter, Chino Grading, AMEC, Bova, Boudreau, JT, Excavating Engineers, Vaughan, Mesa Pacific, Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar, Sierra Pacific, Jag Construction, Tonka, Contech, BNB, Construction Service, Oak Leaf, ALM Painting, Bucilla, and DOEs 1 through 10, inclusive, will be referred to, collectively, as the "Third Party Defendants."

## JURISDICTION

33. The causes of action alleged herein are all currently non-core proceedings that are related to a case under title 11; however, should the Court avoid the transfer of Pacific Point from SJD Partners to LV Pacific Point via the August 2008 foreclosure and return the property to SJD Partners, the causes of action alleged in this counterclaim would be core proceedings. Lehman Re does not consent to an entry of final order or judgment on the non-core matters by this Court.

## THE LOAN

34.     Lehman Re is informed and believes, and thereon alleges, that in 2004, Lehman ALI, as lender (the "Junior Lender"), and SJD Partners, as borrower, entered into a certain Amended and Restated Loan Agreement, as further amended (the "Junior Loan Agreement"), pursuant to which Lehman ALI, agreed to make a loan in the amount of $47,681,790.20 (the "Junior Loan") secured by an Amended and Restated Deed of Trust, Security Agreement and Fixture Filing Statement with Assignment of Rents dated as of January 31, 2004 and recorded in the Official Records of Orange County on July 28, 2005 (the "Junior Deed of Trust), encumbering certain real property located in Orange County, California (the "Property" or "Pacific Point").

35.     On or about February 16, 2006, Lehman ALI and SJD Partners entered into a certain $100,000,000 Term Loan and $25,000,000 Revolving Line of Credit Loan Agreement (the "Pacific Point Loan Agreement") pursuant to which Lehman ALI agreed to make a $100,000,000 term loan (the "Pacific Point Term Loan") and a $25,000,000 revolving line of credit loan (the "Pacific Point Revolving Loan") to SJD Partners.

36.     The Pacific Point Term Loan in the amount of $100,000,000 is evidenced by, among other things, that certain note in the principal face amount of $100,000,000 executed by SJD Partners (the "Pacific Point Term Note").

37.     Lehman Re is informed and believes, and thereon alleges, that the Pacific Point Revolving Loan in the amount of $25,000,000 is evidenced by, among other things, that certain note in the principal face amount of $25,000,000 executed by SJD Partners in favor of Lehman ALI (the "Pacific Point Revolving Note").

38.     As of the date of this Complaint, at least $88.1 million was advanced to SJD Partners under the Pacific Point Term Note and at least $16.6 million was advanced to SJD Partners under the Pacific Point Revolving Note.  The Pacific Point Term Note provides that the maturity date of that note is February 28, 2007, at which time all outstanding principal and interest became immediately due and payable.

39.     Lehman Re is informed and believes, and thereon alleges, that pursuant to the Construction Deed of Trust and Fixture Filing dated February 16, 2006 executed by SJD Partners

and recorded in the Official Records of Orange County as Instrument Number 2006000113549 (the "Deed of Trust"), the Pacific Point Term Note and the Pacific Point Revolving Note are both secured by, among other things, a first-priority lien on the Property.

40.    Lehman Re is informed and believes, and thereon alleges, that on or about February 16, 2006, Lehman ALI and SJD Partners entered into a Subordination Agreement whereby the Junior Loan was subordinated to the Pacific Point Term Loan and the Pacific Point Revolving Loan.

41.    Lehman Re is the current owner of the Pacific Point Term Loan and succeeded to Lehman ALI's interest in that loan and in the Deed of Trust.

**JUNIOR INTERESTS OF THE COUNTERCLAIM-DEFENDANTS**

42.    Lehman Re is informed and believes, and thereon alleges, that on or about August 28, 2008, LV Pacific Point, as successor in interest to Lehman ALI under the Junior Loan, foreclosed on the Junior Deed of Trust.  As a result, Lehman Re is informed and believes, and thereon alleges, that LV Pacific Point is presently the owner of the Property.

43.    Lehman Re is informed and believes, and thereon alleges, that on or about January 7, 2008, Chino Grading recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about April 9, 2008, Chino Grading recorded a Notice of Pending Action against the Property.

44.    Lehman Re is informed and believes, and thereon alleges, that on or about February 29, 2008, AMEC recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about April 7, 2008, AMEC recorded a Notice of Pending Action against the Property.

45.    Lehman Re is informed and believes, and thereon alleges, that on or about January 28, 2008, Bova recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about April 23, 2008, Bova recorded a Notice of Pending Action against the Property.

46.    Lehman Re is informed and believes, and thereon alleges, that on or about February 14, 2008 and May 7, 2008, Vulcan recorded mechanic's liens against the Property.

47.    Lehman Re is informed and believes, and thereon alleges, that on or about February 20, 2008 and April 23, 2008, American Asphalt recorded mechanic's liens against the Property.

48.    Lehman Re is informed and believes, and thereon alleges, that on or about February 22, 2008, Boudreau recorded a mechanic's lien against the Property. Lehman Re is informed and believes, and thereon alleges, that on or about March 10, 2008, Boudreau recorded a Notice of Pending Action against the Property.

49.    Lehman Re is informed and believes, and thereon alleges, that on or about February 26, 2008, RC Berger recorded a mechanic's lien against the Property.

50.    Lehman Re is informed and believes, and thereon alleges, that on or about February 26, 2008, Cemex recorded a mechanic's lien against the Property.

51.    Lehman Re is informed and believes, and thereon alleges, that on or about March 11, 2008, JT recorded a mechanic's lien against the Property. Lehman Re is informed and believes, and thereon alleges, that on or about April 18, 2008, JT recorded a Notice of Pending Action against the Property.

52.    Lehman Re is informed and believes, and thereon alleges, that on or about March 21, 2008, National recorded a mechanic's lien against the Property.

53.    Lehman Re is informed and believes, and thereon alleges, that on or about March 25, 2008, JLS recorded a mechanic's lien against the Property.

54.    Lehman Re is informed and believes, and thereon alleges, that on or about July 11, 2008, Tensar recorded a mechanic's lien against the Property.

55.    Lehman Re is informed and believes, and thereon alleges, that on or about March 27, 2008, Sierra Pacific recorded a mechanic's lien against the Property.

56.    Lehman Re is informed and believes, and thereon alleges, that on or about June 3, 2008 and July 8, 2008, Jag Construction recorded mechanic's liens against the Property.

57.     Lehman Re is informed and believes, and thereon alleges, that Excavating Engineers recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about August 31, 2007, Excavating Engineers recorded a Notice of Pending Action against the Property.

58.     Lehman Re is informed and believes, and thereon alleges, that on or about November 21, 2006, Tonka recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about August 31, 2007, Tonka recorded a Notice of Pending Action against the Property.

59.     Lehman Re is informed and believes, and thereon alleges, that on or about April 27, 2007, Vaughan recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about September 10, 2007, Vaughan recorded a Notice of Pending Action against the Property.

60.     Lehman Re is informed and believes, and thereon alleges, that on or about December 27, 2007, Contech recorded a mechanic's lien against the Property.

61.     Lehman Re is informed and believes, and thereon alleges, that on or about January 25, 2008, BNB recorded mechanic's liens against the Property.

62.     Lehman Re is informed and believes, and thereon alleges, that on or about February 8, 2008, Mesa Pacific recorded a mechanic's lien against the Property.  Lehman Re is informed and believes, and thereon alleges, that on or about May 14, 2008, Mesa Pacific recorded a Notice of Pending Action against the Property.

63.     Lehman Re is informed and believes, and thereon alleges, that on or about February 6, 2009, Construction Service recorded a mechanic's lien against the Property.

64.     Lehman Re is informed and believes, and thereon alleges, that on or about February 13, 2009, Oak Leaf recorded mechanic's liens against the Property.

65.     Lehman Re is informed and believes, and thereon alleges, that on or about March 5, 2009, ALM Painting recorded a mechanic's lien against the Property.

66.     Lehman Re is informed and believes, and thereon alleges, that on or about October 24, 2008, Bucilla recorded a mechanic's lien against the Property.

67.    Lehman Re is informed and believes, and thereon alleges, that on or about July 24, 2009, SJD Partners recorded a Notice of Pending Action against the Property.

68.    Lehman Re is informed and believes, and thereon alleges, that the foregoing interests in the Property and/or liens, instruments, or other interests recorded against the Property asserted by the SJD Entities, LV Pacific Point, and the Third Party Defendants, as described above, are junior and subordinate to Lehman Re's lien on the Property under the Deed of Trust.

### DEFAULTS UNDER THE LOAN

69.    Upon the occurrence of an event of default under the Pacific Point Term Note, the Pacific Point Loan Agreement, the Deed of Trust, and certain other documents relating to the Pacific Point Term Loan (the "Pacific Point Loan Documents"), Lehman Re is entitled to exercise certain judicial and non-judicial rights and remedies including, without limitation, foreclosure and sale of the Property.  The filing of this Complaint is not intended as, nor should it be construed as, an election of remedies by Lehman Re.

70.    Lehman Re is informed and believes, and thereon alleges, that commencing on or about July 1, 2007, and continuing at all times thereafter, SJD Partners materially and repeatedly defaulted on the Pacific Point Term Note and the Pacific Point Loan Agreement and breached the terms and conditions of the Deed of Trust that secure the Pacific Point Term Loan.

71.    Section 8.1 of the Pacific Point Loan Agreement provides:

Events of Default.  The occurrence of any of the following shall be an Event of Default:

8.1.1    Monetary Obligations.

(a)    Failure to Pay Principal and Interest.    Failure by Borrower or Guarantor to pay (a) any principal or interest on any of the Obligations when due under this Agreement or any other Loan Documents or (b) any payment required pursuant to Section 2.1.8.

(b)    Failure to Pay at Maturity.    Failure to pay all Obligations, including all outstanding principal amounts, accrued but unpaid interest and any other amounts which may be due pursuant to this Agreement or any other Loan Documents, in full on the Maturity Date.

72.     Lehman Re is informed and believes, and thereon alleges, that commencing on or about July 1, 2007, and continuing at all times thereafter, SJD Partners defaulted under the Pacific Point Term Note and the Pacific Point Loan Agreement by failing to pay interest for the interest period ended June 2007.

73.     Section 2.1.8(c)(ii)(B) of the Loan Agreement provides:

> Principal Payments Required Because Maximum Allowed Advance Exceeded.  At any time the aggregate outstanding principal balance of Advances exceeds the Maximum Allowed Advance (including without limitation, by virtue of changes in value of the Project, changes in Development Costs, sales of property, receipt and review of Appraisals and the other adjustments pursuant to this Agreement), Borrower shall make a principal payment to [Lehman ALI] for the benefit of Lenders in an amount equal to that amount by which the aggregate outstanding principal balance of Advances exceeds the Maximum Allowed Advance, with such payment being due within ten (10) Business Days of written demand by [Lehman ALI].

74.     Lehman Re is informed and believes, and thereon alleges, that SJD Partners defaulted under the Pacific Point Term Note and the Pacific Point Loan Agreement by failing to make the principal payment in an amount equal to the amount by which the aggregate outstanding principal balance of Advances exceeds the Maximum Allowed Advance in accordance with Section 2.1.8(c)(ii)(B) and Section 8.1.1 of the Pacific Point Loan Agreement.

75.     Lehman Re is informed and believes, and thereon alleges, that on or about July 10, 2007, SJD Partners was served with a Notice of Default and Acceleration by Lehman ALI declaring all obligations under the Pacific Point Loan Agreement to be immediately due and payable in full.

76.     Lehman Re is informed and believes, and thereon alleges, that SJD Partners, among other things, failed and refused to make any payments despite the Notice of Default.  As such, SJD Partners continues to be in default under the Pacific Point Loan Agreement.

## FIRST CLAIM FOR RELIEF

### (Judicial Foreclosure)

### (Against the SJD Entities, LV Pacific Point and the Third Party Defendants)

77.     Lehman Re realleges paragraphs 1 through 76, inclusive, and by this reference incorporates the same as though fully set forth herein.

78.     Lehman Re is the lawful holder of the Pacific Point Term Note and the lawful beneficiary under the Deed of Trust encumbering the Property.

79.     Lehman Re has performed all of the terms and conditions required on its part to be performed under the Pacific Point Loan Documents.

80.     For valuable consideration, SJD Partners, through SJD Development, executed and delivered the Pacific Point Term Note and other Pacific Point Loan Documents.

81.     SJD Partners defaulted under the Pacific Point Loan Documents by, among other things, failing to pay the amounts due and owing under the Pacific Point Term Loan.

82.     As a result of SJD Partners' defaults, the Pacific Point Term Loan has been accelerated and all principal, interest, late charges, costs, fees, and other charges owed under the Pacific Point Loan Documents are immediately due and payable.

83.     SJD Partners has failed to repay the Pacific Point Term Loan and has failed to cure any of the defaults.  Consequently, SJD Partners owes Lehman Re at least $88.1 million, excluding costs and fees.

84.     To secure payment of the outstanding balance of the Pacific Point Term Loan, SJD Partners, through SJD Development, executed and delivered, among others, the Deed of Trust encumbering the Property.  Upon default, the Deed of Trust provides that Lehman Re may proceed with judicial and/or nonjudicial foreclosure of the Property.

85.     Pursuant to the Deed of Trust, Lehman Re is entitled to judgment that (i) the rights, claims, ownership, liens, titles and demands of the SJD Entities, LV Pacific Point, the Third Party Defendants and all persons or entities claiming under any of them are subject to the lien of the Deed of Trust, (ii) the Deed of Trust is foreclosed and the Property shall be sold according to law by a marshal or trustee appointed by the Court, (iii) the SJD Entities are personally liable for any deficiency owing under the Pacific Point Term Loan following judicial foreclosures, and (iv) when the time for redemptions have lapsed, the marshal or trustee shall execute and deliver a deed to the purchaser(s) of the Property at the foreclosure sales and said purchaser(s) shall be put into possession of the Property upon delivery of said deed, free and clear of any and all liens and encumbrances subordinate to Lehman Re's first-priority Deed of Trust.

86.     Pursuant to the express provisions of the Pacific Point Term Note and the Deed of Trust, Lehman Re is entitled to recover damages in the amount of the deficiency, together with late charges, fees, costs and interest according to proof through and including the date of judgment, as well as reasonable attorneys' fees, trustee's fees and all fees, costs and expenses of collection incurred herein.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

### (Against Lehman ALI, LV Pacific Point and the SJD Entities)

87.     Lehman Re realleges paragraphs 1 through 86, inclusive, and by this reference incorporates the same as though fully set forth herein.

88.     Lehman Re is the holder of the Term Note and the lawful beneficiary under the Deed of Trust encumbering the Property.

89.     Lehman Re is informed and believes, and thereon alleges, that Lehman ALI is holder of the Pacific Point Revolving Note.

90.     Lehman Re is informed and believes, and thereon alleges, that both the Pacific Point Term Note and the Pacific Point Revolving Note are secured by the Deed of Trust and that Lehman Re's interest under the Pacific Point Term Loan and Lehman ALI's interest under the Pacific Point Revolving Loan are entitled to equal priority.

91.     As a result of SJD Partners' default under the Pacific Point Term Loan:

(a)     Lehman Re is entitled to foreclose on the Deed of Trust securing the Pacific Point Term Loan and Pacific Point Revolving Loan, with or without Lehman ALI's consent;

(b)     Lehman Re is entitled to credit bid at the foreclosure sale;

(c)     If Lehman Re is the successful bidder at the foreclosure sale and both Lehman Re and Lehman ALI credit bid at the foreclosure sale, Lehman Re and Lehman ALI shall own the Property as tenants in common in proportion to the amount of Lehman Re's credit bid and the amount of Lehman ALI's credit bid, Lehman Re shall be entitled to a deficiency judgment against SJD Partners as to the difference between the outstanding balance under the Pacific Point Term Loan and the amount of Lehman Re's credit bid, and Lehman ALI shall be entitled to a deficiency

judgment against SJD Partners as to the difference between the outstanding balance under the Pacific Point Revolving Loan and the amount of Lehman ALI's credit bid.

(d)    If Lehman Re is the successful bidder at the foreclosure sale and only Lehman Re credit bids at the foreclosure sale, Lehman Re shall own the Property, Lehman Re shall be entitled to a deficiency judgment against SJD Partners for the difference between the outstanding balance under the Pacific Point Term Loan and the amount of Lehman Re's credit bid, and Lehman ALI shall be entitled to a deficiency judgment against SJD Partners for the outstanding balance under the Pacific Point Revolving Loan.

(e)    If a third party other than Lehman Re or Lehman ALI is the successful bidder at the foreclosure sale, Lehman Re and Lehman ALI shall share the purchase price paid by the third party in proportion to the amounts funded under the Pacific Point Term Loan and Pacific Point Revolving Loan, respectively.

92.    Lehman Re is informed and believes, and thereon alleges, that Lehman ALI, LV Pacific Point and the SJD Entities dispute some or all of these contentions.

93.    As a result of the foregoing, there is an actual, justiciable controversy between the parties.

94.    Lehman Re desires a judicial determination of the rights and duties of Lehman Re and Lehman ALI, LV Pacific Point and the SJD Entities as to these opposing contentions.  Such a declaration is necessary and appropriate at this time so that the respective rights and obligations of the parties are resolved.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

### (Against the SJD Entities)

95.    Lehman Re realleges paragraphs 1 through 94, inclusive, and by this reference incorporates the same as though fully set forth herein.

96.    LV Pacific Point conducted a lawful foreclosure on Pacific Point and is the current lawful owner of Pacific Point.

97.     As the owner of the Pacific Point Term Loan, Lehman Re is entitled to commence foreclosure proceedings against LV Pacific Point.

98.     The SJD Entities dispute that LV Pacific Point conducted a lawful foreclosure on Pacific Point and that LV Pacific Point is the current lawful owner of Pacific Point.

99.     The SJD Entities further dispute that Lehman Re's first-priority lien on Pacific Point is valid and enforceable.  To that end, they commenced the Adversary Proceeding, seeking, *inter alia*, to equitably subordinate Lehman Re's first-priority lien on Pacific Point to the interests of the SJD Entities and their other creditors and to set aside the sale of Pacific Point to LV Pacific Point in August 2008 through a non-judicial foreclosure proceeding.

100.     Moreover, on July 23, 2009, the plaintiffs in the Adversary Proceeding, including the SJD Entities, filed a lis pendens against Pacific Point, which claims that the Adversary Proceeding "affects title to and/or possession of" the Pacific Point property.  The lis pendens is improperly preventing Lehman Re from enforcing its first-priority lien on Pacific Point by commencing foreclosure proceedings against LV Pacific Point.

101.     As a result of the foregoing, there is an actual, justiciable controversy between the parties.

102.     Lehman Re desires a judicial determination of the rights and duties of Lehman Re and the SJD Entities as to these opposing contentions.  Such a declaration is necessary and appropriate at this time so that the respective rights and obligations of the parties are resolved.

## **FOURTH CLAIM FOR RELIEF**

### **(Declaratory Relief)**

**(Against Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar,**

**Sierra Pacific, Jag Construction, Contech, BNB, Construction Service, Oak Leaf,**

**ALM Painting, Bucilla, and DOEs 6 through 10, inclusive)**

103.     Lehman Re realleges paragraphs 1 through 102, inclusive, and by this reference incorporates the same as though fully set forth herein.

104.     Lehman Re is informed and believes, and thereon alleges, that although Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar, Sierra Pacific, Jag

Construction, Contech, BNB, Construction Service, Oak Leaf, ALM Painting, Bucilla, and DOEs 6 through 10 recorded mechanic's liens against Pacific Point, they failed to file an action for foreclosure of the mechanic's liens within 90 days of recording thereof as required under section 3144(a) of the California Civil Code.

105.     Pursuant to section 3144(b) of the California Civil Code, the mechanic's liens filed by Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar, Sierra Pacific, Jag Construction, Contech, BNB, Construction Service, Oak Leaf, ALM Painting, Bucilla, and DOEs 6 through 10 are "null and void and of no further force and effect" as a matter of law.

106.     Lehman Re is informed and believes, and thereon alleges, that Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar, Sierra Pacific, Jag Construction, Contech, BNB, Construction Service, Oak Leaf, ALM Painting, Bucilla, and DOEs 6 through 10 dispute some or all of these contentions.

107.     As a result of the foregoing, there is an actual, justiciable controversy between the parties.

108.     Lehman Re desires a judicial determination of the rights and duties of Lehman Re and Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar, Sierra Pacific, Jag Construction, Contech, BNB, Construction Service, Oak Leaf, ALM Painting, Bucilla, and DOEs 6 through 10 as to these opposing contentions.  Such a declaration is necessary and appropriate at this time so that the respective rights and obligations of the parties are resolved.

WHEREFORE, Lehman Re prays for judgment as follows:

## ON THE FIRST CLAIM FOR RELIEF

For an Order:

a.     directing that:

i.     the rights, claims, ownership, liens, titles and demands of the SJD Entities, LV Pacific Point, the Third Party Defendants and all persons or entities claiming under any of them are subject to the lien of the Deed of Trust;

ii.     the Deed of Trust is foreclosed and the Property shall be sold according to law by a marshal or trustee appointed by the Court;

1             iii.     Lehman Re is permitted to become a purchaser at the foreclosure sales

2   by credit bid or otherwise;

3             iv.     the SJD Entities are personally liable for any deficiency owing under

4   the Pacific Point Term Loan following judicial foreclosures; and

5             v.     when the time for redemptions have lapsed, the marshal or trustee shall

6   execute and deliver a deed to the purchaser(s) of the Property at the foreclosure sales and said

7   purchaser(s) shall be put into possession of the Property upon delivery of said deed, free and clear of

8   any and all liens and encumbrances subordinate to Lehman Re's first-priority Deed of Trust;

9          b.     awarding to Lehman Re:

10             i.     damages in the amount of the deficiency, together with late charges,

11   fees, costs and interest according to proof through and including the date of judgment;

12             ii.     trustee's fees and costs and attorneys' fees and costs of collection; and

13             iii.     the costs of suit incurred herein; and

14          c.     granting Lehman Re such other and further relief as the Court may deem just

15   and proper.

16   **ON THE SECOND CLAIM FOR RELIEF**

17          a.     For a judicial declaration that:

18             i.     Lehman Re is entitled to foreclose on the Deed of Trust securing the

19   Pacific Point Term Loan and Pacific Point Revolving Loan, with or without Lehman ALI's consent;

20             ii.     Lehman Re is entitled to credit bid at the foreclosure sale;

21             iii.     If Lehman Re is the successful bidder at the foreclosure sale and both

22   Lehman Re and Lehman ALI credit bid at the foreclosure sale, Lehman Re and Lehman ALI shall

23   own the Property as tenants in common in proportion to the amount of Lehman Re's credit bid and

24   the amount of Lehman ALI's credit bid, Lehman Re shall be entitled to a deficiency judgment

25   against SJD Partners as to the difference between the outstanding balance under the Pacific Point

26   Term Loan and the amount of Lehman Re's credit bid, and Lehman ALI shall be entitled to a

27   deficiency judgment against SJD Partners as to the difference between the outstanding balance under

28   the Pacific Point Revolving Loan and the amount of Lehman ALI's credit bid;

iv.    If Lehman Re is the successful bidder at the foreclosure sale and only Lehman Re credit bids at the foreclosure sale, Lehman Re shall own the Property, Lehman Re shall be entitled to a deficiency judgment against SJD Partners for the difference between the outstanding balance under the Pacific Point Term Loan and the amount of Lehman Re's credit bid, and Lehman ALI shall be entitled to a deficiency judgment against SJD Partners for the outstanding balance under the Pacific Point Revolving Loan; and

v.    If a third party other than Lehman Re or Lehman ALI is the successful bidder at the foreclosure sale, Lehman Re and Lehman ALI shall share the purchase price paid by the third party in proportion to the amounts funded under the Pacific Point Term Loan and Pacific Point Revolving Loan, respectively.

b.    For such other and further relief as the Court may deem just and proper.

### ON THE THIRD CLAIM FOR RELIEF

a.    For a judicial declaration that:

i.    LV Pacific Point conducted a lawful foreclosure on Pacific Point and is the current lawful owner of Pacific Point and holds title thereto.

ii.    The SJD Entities have no ownership interest in Pacific Point.

iii.    Any claim that the SJD Entities may have with respect to Pacific Point is for money damages; they may not seek to unwind or invalidate the lawful foreclosure proceedings.

iv.    The SJD Entities cannot seek to equitably subordinate Lehman Re's first-priority lien on Pacific Point because the property is owned by a non-debtor, LV Pacific Point.

v.    As the owner of the Pacific Point Term Loan, Lehman Re is entitled to commence foreclosure proceedings against LV Pacific Point.

b.    For such other and further relief as the Court may deem just and proper.

### ON THE FOURTH CLAIM FOR RELIEF

a.    For a judicial declaration that, pursuant to section 3144(b) of the California Civil Code, the mechanic's liens filed by Vulcan, American Asphalt, RC Berger, Cemex, National, JLS, Tensar, Sierra Pacific, Jag Construction, Contech, BNB, Construction Service, Oak Leaf, ALM Painting, Bucilla, and DOEs 6 through 10, inclusive, are "null and void and of no further force and

effect" as a matter of law:

           b.      For such other and further relief as the Court may deem just and proper.

Dated:      October 14, 2009

        **CADWALADER, WICKERSHAM & TAFT LLP**

By:   Jonathan M. Hoff  (CA Bar No. 099787)
       Gregory Petrick (*Pro hac vice admission pending*)
       One World Financial Center
       New York, NY  10281
       Telephone:  (212) 504-6000
       Facsimile:   (212) 504-6666

        **DLA PIPER LLP (US)**

By:  /s/ Henry H. Oh
       Betty M. Shumener (Bar No. 137220)
       Henry H. Oh (Bar No. 187127)
       550 South Hope Street, Suite 2300
       Los Angeles, CA  90071-2678
       Telephone: (213) 330-7700
       Facsimile:  (213) 330-7701

       *Attorneys for the Joint Provisional Liquidators*
        *of Lehman Re Ltd.*

<u>**DEMAND FOR JURY TRIAL**</u>

      Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, Lehman Re Ltd. hereby demands a jury trial.

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____      _____      _____
_Date_                              _Type Name_                              _Signature_

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                  **F 9013-3.1**

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

**ADDITIONAL SERVICE INFORMATION (if needed):**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                **F 9013-3.1**

Service List
Palmdale Hills Property, LLC et al. v. Lehman ALI, Inc. et al.
Adv. Case No. 8:09-ap-01005-ES

## III.  SERVED BY E-MAIL

| | | |
|---|---|---|
| **Counsel for Plaintiffs**<br>James M. Miller, Esq.<br>Louis R. Miller, Esq.<br>Martin Pritikin, Esq.<br>Brian Procel, Esq.<br>Miller Barondess, LLP<br>1999 Avenue of the Stars, # 100<br>Los Angeles, CA 90067<br>jmiller@millerbarondess.com;<br>smiller@millerbarondess.com;<br>mpritikin@millerbarondess.com;<br>bprocel@millerbarondess.com | **Office of the U.S. Trustee**<br>411 W. Fourth Street, Suite 9041<br>Santa Ana, CA 92701-4593<br>ustpregion16.sa.ecf@usdoj.gov | **General Insolvency Counsel for Administratively Consolidated DIP**<br>Paul J. Couchot, Esq.<br>Peter W. Lianides, Esq.<br>Winthrop Couchot, P.C.<br>660 Newport Center Drive,<br>4th Floor<br>Newport Beach, CA 92660<br>pcouchot@winthropcouchot.com;<br>plianides@winthropcouchot.com; |
| **Counsel for Defendant Danske Bank A/S, London Branch**<br>Ben D. Whitwell, Esq.<br>Christopher T. Williams, Esq.<br>Venable LLP<br>2049 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>bwhitwell@Venable.com;<br>ctwilliams@venable.com;<br>jcontreras@venable.com | **Counsel for Defendant Danske Bank A/S, London Branch**<br>Carollynn H.G. Callari, Esq.<br>Venable LLP<br>Rockefeller Center, 25th Floor<br>1270 Avenue of the Americas<br>New York, NY 10020<br>ccallari@Venable.com | **Counsel for Defendant Fenway Capital, LLC**<br>Lisa Hill Fenning, Esq.<br>Dewey & Leboeuf LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Lisa.Fenning@aporter.com;<br>Jean.Kellett@aporter.com |
| **Counsel for Fenway Capital, LLC**<br>Richard W. Reinthaler, Esq.<br>Irena Goldstein, Esq.<br>Dewey & Leboeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>rreinthaler@dl.com; lgoldstein@dl.com; | **Counsel for SC Master Holdings II LLC**<br>Mark E. McKane, Esq.<br>Christopher Keegan, Esq.<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104<br>mark.mckane@kirkland.com;<br>chris.keegan@kirkland.com | **Counsel for Defendants Lehman ALI Inc., Lehman Commercial Paper Inc., OVC Holdings LLC, Northlake Holdings LLC, LBREP II/Suncal Land Fund Member LLC, SCLV Oak Valley LLC, SCLV Northlake LLC and LB/L-DUC III Master LLC**<br>Edward Soto, Esq.<br>Shai Waisman, Esq.<br>Weil, Botshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>edward.soto@weil.com;<br>shai.waisman@weil.com |
| **Counsel for Defendants Lehman ALI Inc., Lehman Commercial Paper Inc., OVC Holdings LLC, Northlake Holdings LLC, LBREP II/Suncal Land Fund Member LLC, SCLV Oak Valley LLC, SCLV Northlake LLC and LB/L-DUC III Master LLC**<br>Dean A. Ziehl, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>11th Floor<br>Los Angeles, CA 90067<br>dziehl@pszjlaw.com; ziehl@pszjlaw.com | **Counsel for Defendants Lehman ALI Inc., Lehman Commercial Paper Inc., OVC Holdings LLC, Northlake Holdings LLC, LBREP II/Suncal Land Fund Member LLC, SCLV Oak Valley LLC, SCLV Northlake LLC and LB/L-DUC III Master LLC**<br>Joseph A. Eisenberg, Esq.<br>Jeffer Mangels Butler & Marmaro LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>jae@jmbm.com | |

## II.  SERVED BY OVERNIGHT MAIL

The Honorable Erithe A. Smith
United States Bankruptcy Judge
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701-4593