1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  Shirley S. Cho (CA Bar No. 192616)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd. 11th Floor
   Los Angeles, California 90067-4100
4  Telephone: (310) 277-6910
   Facsimile: (310) 201-0760
5
   -and-
6
   Edward Soto, Esq. (*admitted pro hac vice*)
7  Shai Waisman, Esq. (*admitted pro hac vice*)
   WEIL, GOTSHAL & MANGES LLP
8  767 Fifth Avenue
   New York, New York 10153-0119
9  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
10
11 Attorneys for Defendants Lehman ALI, Inc.,
   OVC Holdings LLC, Northlake Holdings LLC
   and LV Pacific Point, LLC
12
13 **UNITED STATES BANKRUPTCY COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
   **SANTA ANA DIVISION**
14
15 In re                                    **CASE NO. 8:08-bk-17206-ES**

16 PALMDALE HILLS PROPERTY,                 Jointly Administered with Case Nos.
   LLC, AND ITS RELATED DEBTORS,            8:08-bk-17209-ES; 8:08-bk-17224-ES;
       Jointly Administered Debtors and     8:08-bk-17225-ES; 8:08-bk-17227-ES
17     Debtors-in-Possession                8:08-bk-17230-ES; 8:08-bk-17231-ES
                                            8:08-bk-17236-ES; 8:08-bk-17240-ES
18 Affects:                                 8:08-bk-17242-ES; 8:08-bk-17245-ES
   ☐ All Debtors                            8:08-bk-17246-ES; 8:08-bk-17248-ES
19 ☒ Palmdale Hills Property, LLC           8:08-bk-17249-ES; 8:08-bk-17404-ES
   ☐ SunCal Beaumont Heights, LLC           8:08-bk-17407-ES; 8:08-bk-17408-ES;
20 ☒ SCC/Palmdale, LLC                      8:08-bk-17409-ES; 8:08-bk-17458-ES;
   ☐ SunCal Johannson Ranch, LLC            8:08-bk-17465-ES; 8:08-bk-17470-ES;
21 ☒ SunCal Summit Valley, LLC              8:08-bk-17472-ES; 8:08-bk-17573-ES;
   ☒ SunCal Emerald Meadows, LLC            8:08-bk-17574-ES; 8:08-bk-17575-ES;
22 ☒ SunCal Bickford Ranch, LLC             8:08-bk-17588-ES;
   ☐ Acton Estates, LLC
23 ☐ Seven Brothers, LLC                    **Adversary No. 8:09-bk-01005-ES**
   ☒ SJD Partners, Ltd.
24 ☒ SJD Development Corp.                  **LEHMAN DEFENDANTS' ANSWER**
   ☐ Kirby Estates, LLC                     **AND AFFIRMATIVE DEFENSES TO**
25 ☒ SunCal Communities I, LLC              **THE FOURTH AMENDED**
   ☒ SunCal Communities III, LLC            **ADVERSARY PROCEEDING**
26 ☒ SCC Communities LLC                    **COMPLAINT**
   ☒ North Orange Del Rio Land, LLC
27 ☒ Tesoro SF, LLC
   ☒ LB-L-SunCal Oak Valley, LLC
28 ☒ SunCal Heartland, LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☒ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

_____

**ADVERSARY PROCEEDING**

**Debtor-in-Possession Plaintiffs**:
PALMDALE HILLS PROPERTY, LLC, a Delaware limited liability company; SUNCAL SUMMIT VALLEY, LLC, a Delaware limited liability company; SUNCAL EMERALD MEADOWS, LLC, a Delaware limited liability company; SUNCAL BICKFORD RANCH, LLC, a Delaware limited liability company; ACTON ESTATES, LLC, a Delaware limited liability company; SJD PARTNERS, LTD, a California limited partnership; SJD DEVELOPMENT CORP., a Delaware corporation; NORTH ORANGE DEL RIO LAND, LLC, a Delaware limited liability company; TESORO SF, LLC, a Delaware limited liability company; SCC COMMUNITIES, LLC, a Delaware limited liability company; SUNCAL COMMUNITIES I, LLC, a Delaware limited liability company; SUNCAL COMMUNITIES III, LLC, a Delaware limited liability company;

**Trustee Plaintiff:**
STEVEN SPEIER, Chapter 11 Trustee, on behalf of LB-L-SUNCAL OAK VALLEY, LLC, a Delaware limited liability company; SUNCAL HEARTLAND, LLC, a Delaware limited liability company; LB-L-SUNCAL NORTHLAKE, LLC, a Delaware limited liability company; SUNCAL MARBLEHEAD, LLC, a Delaware limited liability company; SUNCAL CENTURY CITY, LLC, a Delaware limited liability company; SUNCAL PSV, LLC, a Delaware limited liability company; DELTA COVES VENTURE, LLC, a Delaware limited liability company; SUNCAL TORRANCE, LLC, a Delaware limited

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  liability company; and SUNCAL OAK
   KNOLL, LLC, a Delaware limited
2  liability company,

3        Plaintiffs,

4  v.

5  LEHMAN ALI, INC., a Delaware
   corporation; OVC HOLDINGS, LLC, a
6  Delaware limited company;
   NORTHLAKE HOLDINGS, LLC, a
7  Delaware limited liability company; LV
   PACIFIC POINT, LLC, a Delaware
8  limited liability company; LEHMAN
   RE, LTD, a Bermuda corporation;
9  FENWAY CAPITAL, LLC, a Delaware
   limited liability company;

10       Defendants.

11

12

13 **LEHMAN DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
   TO THE FOURTH AMENDED ADVERSARY PROCEEDING COMPLAINT**

14       Defendants Lehman ALI, Inc. ("Lehman ALI"), OVC Holdings LLC ("OVC"), Northlake

15 Holdings LLC ("Northlake"), and LV Pacific Point, LLC ("LV Pac Point") (collectively, "Lehman

16 Defendants"), by their attorneys, hereby answer Plaintiffs' Fourth Amended Adversary Proceeding

17 Complaint (the "FAC"). Lehman Defendants deny all of the allegations in the FAC, unless

18 expressly admitted herein:

19                                    **I.**

20                         **SUMMARY OF ACTION**

21       1.       The allegations in this Paragraph contain Plaintiffs' characterization of this action,

22 to which no response is required. To the extent any further response is required, Lehman

23 Defendants deny the allegations in this Paragraph.

24       2.       Lehman Defendants admit that the Plaintiff Debtors[1] have been administratively

25 consolidated.[2] Lehman Defendants are without sufficient knowledge or information to form a

26

27 _____
   [1] Lehman Defendants admit the allegations in footnote 1.

28 [2] Lehman Defendants admit the allegations in footnote 2.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

3.    Lehman Defendants deny the allegations in this Paragraph. [3] [4]

4.    Lehman Defendants admit that Plaintiffs have named Fenway as a defendant.  The remaining allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

5.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of equity interests of the Plaintiff Debtors, and on that basis they deny the allegations.  Lehman Defendants deny the remaining allegations in this Paragraph.

6.    Lehman Defendants deny the allegations in this Paragraph.

7.    Lehman Defendants deny the allegations in this Paragraph.

8.    Lehman Defendants deny the allegations in this Paragraph.

9.    Lehman Defendants admit that Plaintiffs purport to seek the relief set forth in this Paragraph, but deny that they are entitled to such relief.  Lehman Defendants deny the remaining allegations in this Paragraph.

10.    Lehman Defendants admit that the FAC names as defendants parties who have not themselves filed for bankruptcy.  Lehman Defendants deny the remaining allegations in this Paragraph.

11.    Lehman Defendants state that this Paragraph contains a statement of intent or reservation of rights on the part of Plaintiffs to which no responsive pleading is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

---

[3]  The allegations in footnote 3 state legal conclusions to which no response is required.  Lehman Defendants state that this footnote also contains a statement of intent or reservation of rights on the part of Plaintiffs to which no responsive pleading is required.  To the extent any further response is required, Lehman Defendants deny the allegations in footnote 3.

[4]  While Plaintiffs purport to cite from the BAP Ruling, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the BAP Ruling, and state that the BAP Ruling speaks for itself.  Lehman Defendants deny the remaining allegations in footnote 4.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## STATEMENT OF JURISDICTION AND VENUE

12. The allegations in this Paragraph state legal conclusions to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

13. The allegations in this Paragraph state legal conclusions to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

14. The allegations in this Paragraph state legal conclusions to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## III.

## PARTIES

15. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

16. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

17. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

18. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

19. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

20. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

21.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

22.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

23.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

24.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

25.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

26.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

27.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

28.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

29.    Lehman Defendants admit that five of the twenty-six administratively-consolidated Debtors are not currently named as plaintiffs in this action, and that Lehman Defendants have not filed proofs of claim against the following four debtors:  SunCal Johannson, SunCal Beaumont, Seven Brothers, and Kirby.  Lehman Defendants are without sufficient knowledge or information to form a belief about the Plaintiff Debtors' ownership, and on that basis they deny those allegations.  The fourth sentence in this Paragraph contains a reservation of rights on the part of Plaintiffs to which no responsive pleading is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

30.    Lehman Defendants admit that LCPI made a $95 million loan to SCC Palmdale. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

31.    While Plaintiffs purport to cite to the Lehman Entities' First Amended Disclosure Statement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from that document, and state that the document speaks for itself.  The allegations in this Paragraph contain statements of belief and intent and a reservation of rights on the part of Plaintiffs to which no responsive pleading is required.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in this Paragraph.[5]

32.    Lehman Defendants admit that Defendant Lehman ALI is (i) a Delaware corporation with its principal place of business in New York, New York, (ii) a wholly-owned subsidiary of LBHI, and (iii) has not itself filed for bankruptcy.

33.    Lehman Defendants admit that OVC is (i) a Delaware limited liability company, (ii) a wholly-owned subsidiary of LBHI, (iii) has not itself filed for bankruptcy, and (iv) the assignee of Lehman ALI's loan to Plaintiff SunCal Oak Valley and of the associated lien on the Oak Valley Project.

34.    Lehman Defendants admit that Northlake Holdings is (i) a Delaware limited liability company, (ii) a wholly-owned subsidiary of LBHI, (iii) has not itself filed for bankruptcy, and (iv) the assignee of Lehman ALI's loan to Plaintiff SunCal Northlake and of the associated lien on the Northlake Project.

35.    Lehman Defendants state that this Paragraph contains a characterization of SunCal's intent and does not require a response.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

36.    Lehman Defendants admit that Defendant LV Pacific Point (i) is a Delaware limited liability company with its principal place of business in Orange County, California, (ii) is a wholly-owned subsidiary of LBHI, and (iii) foreclosed on, and was the purchaser upon foreclosure, of the Pacific Point Project.  Lehman Defendants are without sufficient knowledge or information to form

---

[5] Lehman Defendants deny the allegations in footnote 5.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

37. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

38. Lehman Defendants admit that Fenway is a Delaware limited liability company. Lehman Defendants deny the remaining allegations in this Paragraph.

## IV.

## FACTUAL ALLEGATIONS

39. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

40. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

41. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

42. Lehman Defendants admit that Mark Walsh was the head of Lehman's Global Real Estate Group. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations for the remaining allegations in this Paragraph, and on that basis they deny the allegations.

43. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

44. Lehman Defendants admit that certain Lehman entities provided debt financing on a number of SunCal projects. Lehman Defendants deny the remaining allegations in this Paragraph.

45. Lehman Defendants admit that Lehman ALI and/or LCPI were lenders on certain SunCal Projects. Lehman Defendants deny the remaining allegations in this Paragraph.

46. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

47. Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
Los Angeles, California

48.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

49.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

50.    Lehman Defendants deny the allegations in this Paragraph.

51.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

52.    Lehman Defendants admit that certain entities involved in the Marblehead Project received loans from Lehman ALI.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

53.    Lehman Defendants admit that certain entities involved in Delta Coves received loans from Lehman ALI.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

54.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

55.    Lehman Defendants admit that in August 2006, LBREP II/SCLFM entered into the Operating Agreement of the Lehman SunCal Real Estate Fund LLC.  Lehman Defendants deny that LBREP II/SCLFM entered into the Agreement because of its desire for greater exclusivity.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

56.    Lehman Defendants deny that the purpose of the Lehman SunCal Fund agreement was to make Lehman the exclusive provider of financing for SunCal projects.  While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

completely or in context cited from the documents, and state that the documents speak for themselves.

57.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

58.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

59.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.[6]

60.    Lehman Defendants admit that this Paragraph purports to represent a summary of the Plaintiff Debtors, the projects with which they are associated, and the Lehman Defendants who originally made the loan to each Plaintiff Debtor.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the summary, and on that basis they deny the allegations.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

61.    Lehman Defendants admit that this Paragraph purports to represent a summary of the Loans made by Lehman Defendants, the original lenders, the Plaintiff Debtors, the loan dates and amount of each loan.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the summary, and on that basis they deny the allegations.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.[7]

---

[6] While Plaintiffs purport to cite from certain documents in footnote 6, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

62.     While Plaintiffs purport to cite from certain documents in this Paragraph and its subparts, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

63.     While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.[7]

64.     While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.[8]

65.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

66.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.[9]

67.     Lehman Defendants deny the allegations in this Paragraph.

68.     While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

---

[7] While Plaintiffs purport to cite from certain documents in footnote 7, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  The allegations in this footnote also state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this footnote.

[8] Lehman Defendants state that footnote 8 contains a statement of intent or reservation of rights on the part of Plaintiffs to which no responsive pleading is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this footnote.

[9] Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in footnote 9, and on that basis they deny the allegations.

52063-001\DOCS_LA:218281.1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

69.     Lehman Defendants deny the existence of a SunCal-Lehman partnership and venture.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

70.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

71.     The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

72.     Lehman Defendants deny the allegations in this Paragraph.

73.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

74.     Lehman Defendants deny the allegations in this Paragraph.

75.     Lehman Defendants deny the allegations in this Paragraph.

76.     Lehman Defendants deny the allegations in this Paragraph.

77.     Lehman Defendants deny the allegations in this Paragraph.

78.     Lehman Defendants deny the allegations in this Paragraph.[10]

79.     Lehman Defendants deny the allegations in this Paragraph.

80.     Lehman Defendants deny the allegations in this Paragraph.

81.     Lehman Defendants deny the allegations in this Paragraph.

82.     Lehman Defendants deny the allegations in this Paragraph.

83.     While Plaintiffs purport to cite from the Interim Loan, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

84.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

_____

[10] Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in footnote 10, and on that basis they deny the allegations.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

85.     Lehman Defendants deny the allegations in this Paragraph.

86.     Lehman Defendants admit that SCC and Elieff agreed to be indemnitors on certain bonds.  Lehman Defendants deny the remaining allegations in this Paragraph.

87.     Lehman Defendants deny the allegations in this Paragraph.

88.     Lehman Defendants deny the allegations in this Paragraph.

89.     Lehman Defendants deny the allegations in this Paragraph.

90.     Lehman Defendants are without sufficient knowledge or information to form a belief as to any statements made by Hughson, and on that basis they deny those allegations.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

91.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

92.     This Paragraph consists of Plaintiffs' characterization of certain documents, which requires no response.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

93.     Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

94.     While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

95.     While Plaintiffs purport to cite from the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and that the documents speak for themselves.  Lehman Defendants deny that the Settlement

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Agreement was executed and state that there was no final agreement among the parties, and deny the remaining allegations in this Paragraph.

96.    Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties  While Plaintiffs purport to cite from the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

97.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.[11]

98.    Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

99.    Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  Lehman Defendants admit that Delta Coves was not part of the Restructuring Agreement.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

100.    Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  While Plaintiffs purport to cite from the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

101.    Lehman Defendants deny the allegations in this Paragraph.

---

[11]While Plaintiffs purport to cite from certain documents in footnote 11, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

102.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

103.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

104.    Lehman Defendants deny the allegations in this Paragraph.

105.    Lehman Defendants deny the allegations in this Paragraph.

106.    Lehman Defendants state that Lehman ALI, along with LCPI, retained Radco to work with SunCal to negotiate the settlement of certain outstanding contractor payables.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

107.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence in this Paragraph, and on that basis deny the allegations.  With respect to the second sentence in this Paragraph, Lehman Defendants deny the allegations.

108.    Lehman Defendants deny the allegations in this Paragraph.

109.    Lehman Defendants deny the allegations in this Paragraph.

110.    Lehman Defendants deny the allegations in this Paragraph.

111.    Lehman Defendants deny the allegations in this Paragraph.

112.    Lehman Defendants admit that a meeting occurred on August 25, 2008.  Lehman Defendants deny the remaining allegations in this Paragraph.

113.    Lehman Defendants deny the allegations in this Paragraph.

114.    Lehman Defendants deny the allegations in this Paragraph.

115.    Lehman Defendants admit that Lehman ALI transferred a certain number of its Loans and liens on the Projects to LCPI.  Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny them.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

116.    Lehman Defendants admit that on August 22, 2008, LCPI entered into the Master Repurchase Agreement ("MRA") with Fenway.  Lehman Defendants deny Plaintiffs' characterization of the transaction and that the Loans were sold.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.[12]

117.    Lehman Defendants deny the allegations in this Paragraph.

118.    Lehman Defendants admit that LBHI filed for bankruptcy in the Southern District of New York on or about September 15, 2008. Lehman Defendants deny the remaining allegations in this Paragraph.

119.    Lehman Defendants admit that a letter dated September 29, 2008 exists.  While Plaintiffs purport to cite from this letter, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the letter, and state that the letter speaks for itself.

120.    Lehman Defendants deny the allegations in this Paragraph.

121.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

122.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

123.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

124.    Lehman Defendants deny the allegations in this Paragraph.

125.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

126.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis deny the allegations.

---

[12] Lehman Defendants deny the allegations in footnote 12.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

127.    Lehman Defendants admit that certain Plaintiffs filed for bankruptcy in November 2008.  Lehman Defendants deny the remaining allegations in this Paragraph.

128.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this Paragraph.  Lehman Defendants deny the remaining allegations in this Paragraph.

129.    Lehman Defendants deny the allegations in this Paragraph.

130.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

131.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

132.    Lehman Defendants deny the allegations in this Paragraph.

133.    Lehman Defendants deny the allegations in this Paragraph.[13]

134.    Lehman Defendants admit that all of the Trustee Projects were initiated as involuntary bankruptcies in November 2008.  Lehman Defendants deny the remaining allegations in this Paragraph.

135.    Lehman Defendants deny the allegations in this Paragraph.  To the extent that Plaintiffs purport to cite from the LBREP II/SCLFM Operating Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

136.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.[14]

---

[13] Lehman Defendants admit that footnote 13 purports to represent a summary of the Marblehead and Heartland Projects.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the summary, and on that basis they deny the allegations.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

[14] Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in footnote 14, and on that basis they deny the allegations.

137.    Lehman Defendants admit that LBHI filed for bankruptcy in September 2008.  The allegations about which parties controlled Lehman ALI, OVC, and Northlake Holdings are legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in this Paragraph.

138.    Lehman Defendants admit that Alvarez & Marsal ("A & M") was retained by LBHI. Lehman Defendants deny the remaining allegations in this Paragraph.  The allegations about A & M's control are legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

139.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

140.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

141.    Lehman Defendants deny the allegations in this Paragraph.

142.    The allegations contained in the first sentence in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

143.    Lehman Defendants deny the allegations in this Paragraph.

144.    Lehman Defendants deny the allegations in this Paragraph.

145.    Lehman Defendants admit that LCPI is in bankruptcy and that Lehman ALI, OVC and Northlake Holdings have not themselves filed for bankruptcy.  Lehman Defendants deny the remaining allegations in this Paragraph.

146.    Lehman Defendants deny the allegations in this Paragraph.

147.    This Paragraph purports to provide a summary that does not require a response. While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

148.    While Plaintiffs purport to cite from the Cash Collateral Motion, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the document, and state that the document speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph.

149.    Plaintiffs purport to characterize certain filings in court.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

150.    While Plaintiffs purport to cite from certain court filings, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

151.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in this Paragraph.

152.    Lehman Defendants deny the allegations in this Paragraph.

153.    Lehman Defendants deny the allegations in this Paragraph.

154.    Lehman Defendants admit that a letter dated March 26, 2009 exists.  To the extent that Plaintiffs purport to cite from this letter, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the document, and state that the document speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph.

155.    Lehman Defendants admit that a letter dated April 15, 2009 exists.  To the extent that Plaintiffs purport to cite from this letter, Lehman Defendants deny that Plaintiffs have

accurately, completely or in context cited from the document, and state that the document speaks for itself. Lehman Defendants deny the remaining allegations in this Paragraph.[15]

156. Lehman Defendants deny the allegations in this Paragraph.[16]

157. Lehman Defendants admit that LCPI entered into the MRA. Lehman Defendants deny the remaining allegations in this Paragraph.

158. Lehman Defendants admit that LCPI entered into the MRA on August 22, 2008. While Plaintiffs purport to quote from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves. Lehman Defendants deny that LCPI served solely as the "hold-in-custody-agent" of the Sold Loans for Fenway.

159. Lehman Defendants admit that LCPI entered into the MRA on August 22, 2008. While Plaintiffs purport to quote from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

160. Lehman Defendants admit that LCPI entered into the MRA on August 22, 2008. While Plaintiffs purport to quote from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

161. Lehman Defendants deny the allegations in this Paragraph.

162. Lehman Defendants (i) admit that the loans that were the subject of the MRA served as collateral for a "Series 2008-2 Note" issued by Fenway to its affiliate Fenway Funding, LLC ("Fenway Funding"), the proceeds of which served as collateral for certain commercial paper notes ("CP") issued by Fenway Funding on August 22, 2008 to the purchasers of such CP and (ii) admit that the CP issued by Fenway Funding was subsequently pledged to JPMorgan to secure certain

---

[15] Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in footnote 15, and on that basis they deny the allegations.

[16] Lehman Defendants deny the allegations in footnote 16.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

obligations owed to JP Morgan by LBHI.  Lehman Defendants deny the remaining allegations in this Paragraph.

163.    While Plaintiffs purport to cite from certain deposition testimony, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the deposition, and state that the testimony speaks for itself.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

164.    Lehman Defendants admit that LCPI entered into the MRA on August 22, 2008.  Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  Lehman Defendants deny the remaining allegations in this Paragraph.

165.    Lehman Defendants admit that the court-appointed examiner in LBHI's bankruptcy proceeding in New York released a report.  While Plaintiffs purport to cite from that report, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the report, and further state that the report speaks for itself.

166.    Lehman Defendants deny the allegations in this Paragraph.

167.    This Paragraph consists of Plaintiffs' mischaracterization of certain documents.  While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely, or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in this Paragraph.

168.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

169.    While Plaintiffs purport to cite from a court order, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the order, and state that the order speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph .

170.    Lehman Defendants deny the allegations in this Paragraph.

171.    While Plaintiffs purport to cite from certain pleadings, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the pleadings, and state that the pleadings speak for themselves.

172.    Lehman Defendants deny the allegations in this Paragraph.

173.    Lehman Defendants admit that Lehman ALI and LCPI, as lenders, agents for lenders and/or owners and note holders, filed Stay Relief Motions on January 23, 2009.  To the extent that Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

174.    Lehman Defendants deny the allegations in this Paragraph.

175.    Lehman Defendants deny the allegations in this Paragraph.

176.    Lehman Defendants admit that on February 25, 2009, Lehman ALI, as lender and/or agent for lender, filed an objection to the Sales Procedure Motion.  While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

177.    Lehman Defendants deny the allegations in this Paragraph.

178.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

179.    While Plaintiffs purport to cite from a court order, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the order, and state that the order speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph.

180.    While Plaintiffs purport to cite from a court order, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the order, and state that the order speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph.

181.    While Plaintiffs purport to cite from a court order, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the order, and state that the order speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph.

182.    While Plaintiffs purport to cite from a court order, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the order, and state that the order speaks for itself.  Lehman Defendants deny the remaining allegations in this Paragraph.

183.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

184.    Lehman Defendants deny the allegations in this Paragraph.

185.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

186.    Lehman Defendants deny the allegations in this Paragraph.

187.    Lehman Defendants deny the allegations in this Paragraph.

188.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

189.    While Plaintiffs purport to cite from an email, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the email, and state that the document speaks for itself.

190.    While Plaintiffs purport to cite from an email, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the email, and state that the document speaks for itself.

191.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

192.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

193.    Lehman Defendants deny the allegations in this Paragraph.

194.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.  Further, Lehman Defendants affirmatively state that, on December 15, 2009, the Ninth Circuit Appellate Panel (the "Ninth Circuit BAP") held that Plaintiffs could not seek to equitably subordinate LCPI's claims without violating LCPI's automatic stay.[17]

195.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Further, Lehman Defendants affirmatively state that, on December 15, 2009, the Ninth Circuit BAP held that Plaintiffs could not seek to equitably subordinate LCPI's claims without violating LCPI's automatic stay.  The Ninth Circuit BAP also rejected the SunCal Debtors' argument that LCPI does not own any interest in the Fenway Capital Loans, and therefore, the automatic stay could not bar subordination of such loans.  Lehman Defendants deny the remaining allegations in this Paragraph.

196.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants deny the remaining allegations in this Paragraph.

197.    Lehman Defendants deny the allegations in this Paragraph.

198.    Lehman Defendants deny the allegations in this Paragraph.

199.    Lehman Defendants deny the allegations in this Paragraph.

---

[17] To the extent that Plaintiffs purport to cite from the BAP Ruling in the first sentence of footnote 17, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the ruling, and state that the ruling speaks for itself.  Lehman Defendants deny the remaining allegations in footnote 17.

200.   Lehman Defendants deny the allegations in this Paragraph.

201.   Lehman Defendants deny the allegations in this Paragraph.

202.   Lehman Defendants deny the allegations in this Paragraph.

203.   Lehman Defendants deny the allegations in this Paragraph.

204.   Lehman Defendants admit that Pacific Point is a property located in San  Juan Capistrano.  Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

205.   Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  To the extent that Plaintiffs purport to cite from the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the Restructuring Agreement, and state that the Restructuring Agreement speaks for itself.

206.   Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  To the extent that Plaintiffs purport to cite from the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the Restructuring Agreement, and state that the Restructuring Agreement speaks for itself.

207.   Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  To the extent that Plaintiffs purport to cite from the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the Restructuring Agreement, and state that the Restructuring Agreement speaks for itself.

208.   Lehman Defendants deny the allegations in this Paragraph.

209.   Lehman Defendants deny the allegations in this Paragraph.

210.   Lehman Defendants deny the allegations in this Paragraph.

211.   Lehman Defendants admit the allegations in this Paragraph.

212.    Lehman Defendants deny the allegations in this Paragraph.

213.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this Paragraph, and on that basis they deny the allegations.  Lehman Defendants deny the allegations in the second sentence of this Paragraph.

214.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis deny the allegations.

215.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

216.    Lehman Defendants admit that LBHI filed for bankruptcy on September 15, 2008.  Lehman Defendants deny the remaining allegations in this Paragraph.

217.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding SJD Partners in this Paragraph, and on that basis they deny the allegations.  Lehman Defendants deny the remaining allegations in this Paragraph.

218.    Lehman Defendants deny the allegations in this Paragraph.

219.    Lehman Defendants deny the allegations in this Paragraph.

220.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

221.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

222.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

223.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.[18]

---

[18] Lehman Defendants state that footnote 18 contains a statement of intent or reservation of rights on

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# V.

## FIRST CLAIM FOR RELIEF

## (EQUITABLE SUBORDINATION)

224.    Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

Lehman Defendants admit that LCPI has claims against Plaintiffs SunCal Acton, SunCal Bickford, SunCal Emerald, Palmdale Hills, SunCal Summit, SunCal I and SunCal III.[19]

Lehman Defendants admit that Lehman ALI has claims against Plaintiffs SunCal Bickford, SunCal Del Rio, SCC Communities, SJD Partners, SJD Development, SunCal Tesoro, and Trustee Debtors SunCal Delta Coves, SunCal Heartland, SunCal Marblehead, SunCal Oak Knoll, SunCal PSV, and SunCal Torrance.

225.    The allegations in this Paragraph state legal conclusions about ownership to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

226.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

227.    Lehman Defendants deny the allegations in this Paragraph.

228.    Lehman Defendants deny the allegations in this Paragraph.

229.    Lehman Defendants deny the allegations in this Paragraph.

230.    Lehman Defendants deny the allegations in this Paragraph.

231.    Lehman Defendants deny the allegations in this Paragraph.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

the part of Plaintiffs to which no responsive pleading is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this footnote.

[19] The allegations in footnote 19 state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this footnote.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

232.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

233.    Lehman Defendants deny the allegations in this Paragraph.

234.    Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

235.    The allegations in this Paragraph state legal conclusions to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

236.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

237.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

238.    Lehman Defendants admit that LBHI has had an ownership interest in both OVC and Northlake Holdings.  The remaining allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in this Paragraph.

239.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

240.    Lehman Defendants deny the allegations in this Paragraph.

241.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

242.     The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

243.     The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## VI.

## SECOND CLAIM FOR RELIEF

## (FRAUDULENT INDUCEMENT)

244.     Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

245.     Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  While Plaintiffs purport to cite from certain the Restructuring Agreement, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the Restructuring Agreement, and state that the Restructuring Agreement speaks for itself.

246.     Lehman Defendants deny the allegations in this Paragraph.

247.     Lehman Defendants deny the allegations in this Paragraph.

248.     Lehman Defendants admit that LV Pacific Point foreclosed upon and took ownership of the Pacific Point property.  Lehman Defendants deny the remaining allegations in this Paragraph.

249.     While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

250.     Lehman Defendants deny the allegations in this Paragraph.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

251.    Lehman Defendants deny that the Settlement Agreement was executed and state that there was no final agreement among the parties.  Lehman Defendants deny the remaining allegations in this Paragraph.

252.    Lehman Defendants deny the allegations in this Paragraph.

253.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

254.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## VII.

## THIRD CLAIM FOR RELIEF

## (TO AVOID AND RECOVER FRAUDULENT TRANSFERS)

255.    Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

256.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

257.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

258.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

259.    The allegations in this Paragraph state a definition to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

260.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this Paragraph, and on that basis they deny those allegations.  Lehman Defendants deny the allegations in the second sentence of this Paragraph.

261.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

262.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

263.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

264.    Lehman Defendants deny the allegations in this Paragraph.

265.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

266.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis deny the allegations.

267.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis deny the allegations.

268.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants are without sufficient

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and

on that basis deny the allegations.

3

4

269.    The allegations in this Paragraph state legal conclusions to which no response is

required.  To the extent any further response is required, Lehman Defendants deny the allegations

5

in this Paragraph.

6

7

270.    The allegations in this Paragraph state legal conclusions to which no response is

required.  To the extent any further response is required, Lehman Defendants deny the allegations

8

in this Paragraph.

9

10

271.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny

that Plaintiffs have accurately, completely or in context cited from the documents, and state that the

11

documents speak for themselves.

12

13

272.    Lehman Defendants admit that a deed of trust was recorded by Lehman ALI against

the properties owned by SunCal Torrance and SunCal Oak Knoll.  To the extent any further

14

response is required, Lehman Defendants deny the allegations in this Paragraph.

15

16

273.    The allegations in this Paragraph state conclusions to which no response is required.

To the extent any further response is required, Lehman Defendants deny the allegations in this

17

Paragraph.

18

19

274.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny

that Plaintiffs have accurately, completely or in context cited from the documents, and state that the

20

documents speak for themselves.  Lehman Defendants are without sufficient knowledge or

21

information to form a belief as to the truth of the remaining allegations in this Paragraph, and on

22

that basis they deny the allegations.

23

24

275.    The allegations in this Paragraph state legal conclusions to which no response is

required.  To the extent any further response is required, Lehman Defendants deny the allegations

25

in this Paragraph.

26

27

276.    The allegations in this Paragraph state legal conclusions to which no response is

required.  To the extent any further response is required, Lehman Defendants deny the allegations

28

in this Paragraph.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

277.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

278.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

279.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

280.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

281.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

282.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

283.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

284.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

285.    The allegations in this Paragraph state conclusions to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

286.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

287.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

288.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

289.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

290.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

291.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

292.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

293.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

294.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

295.    Lehman Defendants admit that a deed of trust was recorded by Lehman ALI against the properties owned by SunCal Marblehead and SunCal Heartland.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

296.    The allegations in this Paragraph state conclusions to which no response is required. To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

297.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.  Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis they deny the allegations.

298.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

299.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

300.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

301.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

302.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

303.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

304.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

305.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

306.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## VII.

## FOURTH CLAIM FOR RELIEF

## (TO AVOID AND RECOVER PREFERENTIAL TRANSFERS)

307.    Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

308.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

309.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

310.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

311.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

312.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

313.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

314.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

315.    Lehman Defendants admit that Lehman ALI asserted that, at one time, subject to various assumptions, the Delta Coves Project had a fair market value of $25,200,000.

316.    While Plaintiffs purport to cite from certain documents, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from the documents, and state that the documents speak for themselves.

317.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

318.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

319.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

320.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

321.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

322.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

323.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

324.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

325.    Lehman Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis they deny the allegations.

326.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

327.    Lehman Defendants admit that Lehman ALI asserted that, at one time, subject to various assumptions, the 10,000 Santa Monica Project had a fair market value of $50,900,000.

328.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

329.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## IX.

## FIFTH CLAIM FOR RELIEF

## (TO VOID LIENS)

330.    Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

331.    Lehman Defendants deny the allegations in this Paragraph.

332.    Lehman Defendants deny the allegations in this Paragraph.

333.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

334.    Lehman Defendants state that Fenway has indicated that it is not in bankruptcy.  The remaining allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in this Paragraph.

335.    Lehman Defendants deny the allegations in this Paragraph.

336.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## XI.

## SIXTH CLAIM FOR RELIEF

## (TO DISALLOW CLAIMS AND LIENS)

337.    Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

338.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

339.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

340.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## XI.

## SEVENTH CLAIM FOR RELIEF[20]

## (TO PRESERVE CLAIMS AND LIENS FOR THE RESPECTIVE DEBTORS' ESTATES)

341.    Lehman Defendants reallege and incorporate by reference their answers to the preceding paragraphs as though fully set forth herein.

342.    The allegations in this Paragraph state legal conclusions to which no response is required.  To the extent any further response is required, Lehman Defendants deny the allegations in this Paragraph.

## FIRST AFFIRMATIVE DEFENSE

The FAC, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims for relief are grounded in allegations of fraud, they are not pled with the requisite particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own unclean hands.

---

[20] While Plaintiffs purport to cite to the Court's March 8, 2010 oral ruling in footnote 20, Lehman Defendants deny that Plaintiffs have accurately, completely or in context cited from that ruling, and state that the ruling speaks for itself.  To the extent any further response is required, Lehman Defendants deny the remaining allegations in footnote 20.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of the automatic stay in LCPI's and LBHI's bankruptcy proceedings.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under 11 U.S.C. § 551 and 541(a)(4) is barred by the law of this case announced in prior rulings of this Court and/or appellate courts that have reviewed them.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on allegations of fraud or misrepresentation are barred in whole or in part by Plaintiffs' lack of reliance on the purported misrepresentations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, and/or omissions made by Lehman Defendants upon which the Plaintiffs could have reasonably and justifiably relied.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on allegations of fraud, nondisclosure and/or misrepresentation are barred in whole or in part because Lehman Defendants lacked the requisite scienter, including specific intent and/or willfulness, necessary to establish fraud, nondisclosure and/or misrepresentation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any applicable statutes of limitations and/or other limitations periods have lapsed.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Lehman Defendants have fully performed their contractual obligations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to satisfy any conditions or obligations which their agreements with Lehman Defendants require in order to enforce rights and benefits under the terms of the agreements.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of res judicata and/or collateral estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the terms of the Protective Disbursement Agreements, also known as the Protective Advance Letters.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they were released.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs waived their claims.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that SunCal Century City brings claims against Lehman Defendants, those claims are barred because SunCal Century City lacks standing.

### TWENTIETH AFFIRMATIVE DEFENSE

While Lehman Defendants deny that they received the transfers, if the transfers were made, they were intended by Lehman Defendants and Plaintiffs to be a contemporaneous exchange for new value given to Plaintiffs, and in fact were a substantially contemporaneous exchange.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

While Lehman Defendants deny that they received the transfers, if the transfers were made, they were for debt incurred by Plaintiffs in the ordinary course of business between Plaintiffs and Lehman Defendants and made according to ordinary business terms.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

While Lehman Defendants deny that they received the transfers, if the transfers were made, Lehman Defendants gave subsequent new value to or for Plaintiffs' benefit not secured by an otherwise unavoidable security interest.  The new value Lehman Defendants gave to Plaintiffs was in amounts sufficient to diminish and/or eliminate any recovery that Plaintiffs allege they are entitled to in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

While Lehman Defendants deny that they received the transfers, if the transfers were made, they did not enable Lehman Defendants to receive more than they would have received in a Chapter 7 proceeding.

### NOTICE OF RESERVATION

Lehman Defendants incorporate by reference all affirmative defenses asserted by other defendants in this action, including Fenway and Lehman Re.  In addition, Lehman Defendants hereby give notice that they intend to rely upon such further defenses as may be available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend their Answer and assert all such defenses.  Moreover, Lehman Commercial Paper Inc. and Lehman Brothers Holdings Inc. do not waive, and expressly reserve, all their rights and arguments pertaining to the application of the automatic stay in *In re: Lehman Brothers Holding Inc.* based upon the Bankruptcy Code and the decisions issued by this Court and the United States Bankruptcy Appellate Panel of the Ninth Circuit.

///

///

///

WHEREFORE, Lehman Defendants demand judgment in their favor:

a.    Dismissing the FAC, and each cause of action asserted against it, with prejudice;

b.    Awarding Lehman Defendants their costs and disbursements of this action; and

c.    Granting Lehman Defendants such other and further relief as this Court deems just
and proper.

Date: April 12, 2010                      By:    _____/s/ Dean A. Ziehl_____

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (CA Bar No. 90073)
E-mail: rpachulski@pszjlaw.com
Dean A. Ziehl (CA Bar No. 84529)
E-mail: dziehl@pszjlaw.com
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100

-and-

WEIL, GOTSHAL & MANGES LLP
Edward Soto (admitted pro hac vice)
Shai Waisman (admitted pro hac vice)
767 Fifth Avenue
New York, NY  10153-0119

*Attorneys for Lehman ALI, Inc., OVC Holdings
LLC, Northlake Holdings LLC, and LV Pacific
Point, LLC*

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Palmdale Hills Property, LLC, et al. v. Lehman ALI, Inc., et al. | CHAPTER 11<br>CASE NUMBER 08-17206-ES |
| --- | --- |
| Debtor(s). | |
| | Adv. Case No. 09-01005-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **LEHMAN DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED ADVERSARY PROCEEDING COMPLAINT** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___April 12, 2010___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ___April 12, 2010___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

[Overnight]
JUDGE'S COPY
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___April 12, 2010___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

[E-Mail]
pcouchot@winthropcouchot.com
wlobel@thelobelfirm.com
mark.mckane@kirkland.com
smiller@millerbarondess.com; bprocel@millerbardoness.com
jonathan.hoff@cwt.com; liz.butler@cwt.com; bill.natbony@cwt.com
betty.shumener@dlapiper.com
rreinthaler@dl.com
cgascou@gascouhopkins.com
edward.soto@weil.com; Allen.Blaustein@weil.com; odalys.smith@weil.com; lori.seavey@weil.com; clay.roesch@weil.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 12, 2010 | Melisa DesJardien | /s/ Melisa DesJardien |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
52063-001\DOCS_LA:202395.4

**F 9013-3.1**

American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br>Debtor(s).<br><br>Palmdale Hills Property, LLC, et al. v. Lehman ALI, Inc., et al. | CHAPTER 11<br>CASE NUMBER 08-17206-ES<br><br>Adv. Case No. 09-01005-ES |

## I. SERVED BY NEF

1.   Selia M Acevedo for Counter-Defendant SJD Development Corp.
     sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
2.   Joseph A Eisenberg for Defendant LB/L-Duc III Master LLC
     jae@jmbm.com
3.   Lei Lei Wang Ekvall for Interested Party Courtesy NEF
     lekvall@wgllp.com
4.   Alan J Friedman for Attorney - Irell & Manella Llp
     afriedman@irell.com
5.   Christian J Gascou for Intervenor-Plaintiff Arch Insurance Company
     cgascou@gascouhopkins.com
6.   Kelly C Griffith for Creditor Bond Safeguard Insurance Co.
     bkemail@harrisbeach.com
7.   Jonathan M Hoff for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
     jonathan.hoff@cwt.com
8.   Christopher W Keegan for Interested Party Courtesy NEF
     ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
9.   Kerri A Lyman for Creditor Committee Official Committee of Unsecured Creditors in Chapter 11 Cases of
     Palmdale Hills Property, LLC et al
     klyman@irell.com
10.  Hutchison B Meltzer for Interested Party Courtesy NEF
     hmeltzer@wgllp.com
11.  James M Miller for Counter-Defendant SJD Development Corp.
     jmiller@millerbarondess.com
12.  Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
     henry.oh@dlapiper.com, bambi.clark@dlapiper.com
13.  Sean A Okeefe for Plaintiff Palmdale Hills Property Llc
     sokeefe@okeefelc.com
14.  John E Schreiber for Defendant Fenway Capital, LLC
     jschreiber@dl.com
15.  Steven M Speier
     Sspeier@Squarmilner.com, ca85@ecfcbis.com
16.  United States Trustee (SA)
     ustpregion16.sa.ecf@usdoj.gov
17.  Christopher T Williams for Defendant Danske Bank A/S London Branch
     ctwilliams@venable.com, jcontreras@venable.com
18.  Dean A Ziehl for Counter-Defendant LV Pacific Point LLC
     dziehl@pszjlaw.com, dziehl@pszjlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                        **F 9013-3.1**
52063-001\DOCS_LA:202395.4

American LegalNet, Inc.
www.FormsWorkflow.com