LOUIS R. MILLER, State Bar No. 54141
MARTIN PRITIKIN, State Bar. No. 210845
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 552-4400
Facsimile:    (310) 552-8400

Special Litigation Counsel for
Jointly Administered Debtors in
Possession and Chapter 11 Trustee

PAUL J. COUCHOT, State Bar No. 131934
SEAN A. O'KEEFE, State Bar No. 122417
PETER W. LIANIDES, State Bar No. 16057
**WINTHROP COUCHOT, PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4165
Facsimile: (949) 720-4111

General Insolvency Counsel for Administratively Consolidated

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION

In re

PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,

    Jointly Administered Debtors and Debtors-in-Possession

---

**ADVERSARY PROCEEDING**

PALMDALE HILLS PROPERTY, LLC, et al.,

    Plaintiffs,

v.

LEHMAN ALI, INC., et al.,

    Defendants.

CASE NO. 8:08-bk-17206-ES
Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573 ES; 8:08-bk-17574-ES; 8:08-bk-17575 ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; 8:08-bk-17588-ES

Adversary No. 8:09-ap-01005-ES

**NOTICE OF MOTION AND MOTION BY SCC COMMUNITIES LLC, NORTH ORANGE DEL RIO LAND LLC AND TESORO SF, LLC FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION, ON 3RD CLAIM FOR RELIEF (FRAUDULENT TRANSFER)**
[FED. R. CIV. P. 56]

Date:    November 1, 2011
Time:    2:00 p.m.
Place:    Courtroom 5A
        411 West Fourth Street
        Santa Ana, CA 92701

---

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: FRAUDULENT TRANSFER**
78567.15

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that on **November 1, 2011** at **2:00 p.m.**, in Courtroom 5A, located at 411 West Fourth Street, Santa Ana, CA 92701, a hearing will be held on Plaintiffs SCC Communities LLC ("SCC Communities"), North Orange Del Rio Land LLC ("SunCal Del Rio") and Tesoro SF LLC's ("SunCal Tesoro") (collectively, "Plaintiffs") Motion for Summary Judgment on the Third Claim for Relief (Fraudulent Transfer") (the "MSJ") against defendant Lehman ALI, Inc. ("Lehman ALI").

This motion is brought pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, on the ground that there is no genuine issue as to any material fact and that Plaintiffs are entitled to judgment as a matter of law on their fraudulent transfer claims in the Fourth Amended Complaint ("FAC") against Lehman ALI. Plaintiffs incurred millions of dollars in debt obligations in connection with the October 2007 "Interim Loan" made by Lehman ALI, their properties were encumbered to secure that loan, and Lehman ALI has filed proofs of secured claim for $23,795,013 in connection with that loan. Yet Plaintiffs received almost none of those loan proceeds, and so did not receive "reasonably equivalent value." Moreover, because the obligations incurred exceeded the value of their assets, Plaintiffs were rendered insolvent upon incurring those obligations.

By the motion, Plaintiffs seek an order granting the following relief:

A) Granting the Plaintiffs summary judgment against defendant Lehman ALI on the fraudulent transfer claim, and determining that the "Interim Loan Transfers," as defined in the attached motion, including the liens, are avoidable as fraudulent transfers pursuant to 11 U.S.C. § 548 to the extent that no benefit was received by Plaintiffs;

B) Or in the alternative, granting Plaintiffs partial summary adjudication on all issues of fact as to which there is no genuine issue of fact, and partial summary adjudication on all issues of law addressed herein; and

C) Granting such further relief as the Court deems just and proper.

This motion is based on the memorandum of points and authorities, the separate statement of

1
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: FRAUDULENT TRANSFER**
78567.15

uncontroverted facts and conclusions of law, the Declarations of Bruce Cook, Tom Rollins and Dale Strickland and exhibits attached thereto, all other matters on file in this action, and any further evidence or argument that may be presented in the reply papers or otherwise presented at or before the hearing on this matter.

**IF YOU DO NOT OPPOSE THIS MOTION, YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THIS MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 7056-1(c), ANY OPPOSITION, INCLUDING A STATEMENT OF GENUINE ISSUES, MUST BE FILED WITH THE COURT NO LATER THAN TWENTY-ONE (21) DAYS PRIOR TO THE DATE OF THE HEARING ON THE MOTION. YOU MUST FILE YOUR OPPOSITION WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. YOU MUST ALSO SERVE A COPY OF YOUR OBJECTION UPON COUNSEL FOR THE PLAINTIFFS AT THE MAILING ADDRESSES INDICATED IN THE UPPER LEFT HAND CORNER OF THE FIRST PAGE OF THIS MOTION. ANY FAILURE TO TIMELY FILE AND SERVE AN OPPOSITION MAY RESULT IN A WAIVER OF ANY SUCH OPPOSITION AND THE COURT MAY ENTER AN ORDER GRANTING THE MOTION WITHOUT FURTHER NOTICE.**

DATED: April 1, 2011                                    MILLER BARONDESS, LLP


                                                        By: /s/ Louis R. Miller
                                                            Louis R. Miller
                                                            Martin H. Pritikin
                                                            Special Litigation Counsel to the Plaintiffs

DATED: April 1, 2011                                    WINTHROP COUCHOT
                                                        PROFESSIONAL CORPORATION


                                                        By: /s/ Paul J. Couchot
                                                            Paul J. Couchot
                                                            Peter Lianides
                                                            General Insolvency Counsel for Voluntary Debtors
                                                            and Debtors in Possession

2
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: FRAUDULENT TRANSFER
78567.15

## Preliminary Statement

Plaintiffs SCC Communities, SunCal Del Rio, and SunCal Tesoro ("Plaintiffs") are each entitled to summary judgment on the Third Claim for Relief in the Fourth Amended Complaint ("FAC") (Fraudulent Transfer) against defendant Lehman ALI.[1]

In October 2007, Plaintiffs each guaranteed, and pledged all their real or personal property as security for, a $20 million loan (the "Interim Loan") made to their parent entity. But Plaintiffs received almost *none* of the loan proceeds. Rather, almost all of the proceeds were transferred to *other* affiliated entities that owed debts on *other* Lehman loans. Thus, Plaintiffs did not receive reasonably equivalent value when they incurred these obligations.

Moreover, the $20 million indebtedness they each incurred exceeded the value of each of their assets, thus rendering each of them insolvent. Accordingly, pursuant to 11 U.S.C § 548, Plaintiffs are entitled to judgment as a matter of law on their fraudulent transfer claims.

## Factual Background

Obligations Incurred. On October 31, 2007, SCC Acquisitions LLC (the parent of the three moving Plaintiff entities), as borrower, and Lehman ALI, as lender, entered into a loan agreement (the "Interim Loan Agreement") pursuant to which Lehman ALI made a loan in the maximum aggregate amount of approximately $20 million. Declaration of Bruce Cook ("Cook Decl."), ¶ 4, Exh. 1. Although none of the Plaintiffs was a "borrower" under the Interim Loan Agreement, they each concurrently executed a Subsidiary Guaranty with Lehman ALI guaranteeing the same. Cook Decl., ¶ 5, Exh. 2.

The obligation under the Interim Loan Agreement also purports to be secured by (a) a first-priority deed of trust on the Joshua Ridge Project[2] owned by SCC Communities; (b) a first-priority deed of trust on the Tesoro Project[3] owned by SunCal Tesoro; and (c) an alleged first-priority lien on

---

[1] Lehman ALI is a non-debtor, and no entity's automatic stay is implicated by the instant motion.

[2] The real property owned by SCC Communities, located in the City of Victorville, California.

[3] The real property owned by SunCal Tesoro, located in the City of Santa Clarita, California.

the right to receive future anticipated Del Rio CFD net bond proceeds[4] owned by SunCal Del Rio. Deeds of trust were recorded against the properties owned by SunCal Tesoro and SCC Communities on November 2, 2007; and an assignment of the right to receive future anticipated CFD net bond proceeds was signed by SunCal Del Rio on October 31, 2007. Cook Decl., ¶¶ 7-9, Exhs. 3-5.

On or about March 27, 2009, Lehman ALI filed identical proof of secured claim No. 9 against SCC Communities, proof of secured claim No. 7 against SunCal Tesoro, and proof of secured claim No. 14 against SunCal Del Rio arising from the Interim Loan Agreement in the amount of $23,795,013. Cook Decl., ¶¶ 12-14, Exhs. 6-8. Plaintiffs' incurrence of the foregoing obligations and their transfers of interests are referred to herein as the "Interim Loan Transfers."

Lack of Reasonably Equivalent Value. Of the $20 million in proceeds from the Interim Loan Agreement paid to the parent entity, SCC Acquisitions LLC, only $78,000—less than one half of one percent of the total—was used to fund SCC Communities, SunCal Tesoro or SunCal Del Rio or their properties, as follows:

| Project | Amount of Loan Proceeds Received | Percentage of Loan Proceeds |
|---|---|---|
| Del Rio | $50,000.00 | 0.25 |
| Joshua Ridge | $12,441.85 | 0.06 |
| Tesoro Burnham | $15,468.38 | 0.08 |
| **TOTAL** | **$77,910.23** | **0.39** |

Declaration of Tom Rollins ("Rollins Decl."), ¶ 4, Exh. 1. At Lehman ALI's direction and insistence, the remainder of the proceeds was transferred to parties other than these three Plaintiffs, primarily those which owed debts with regard to projects on which Lehman ALI or its affiliates were lenders. Cook Decl., ¶ 15; Rollins Decl., ¶ 4, Exh. 1. Plaintiffs seek to avoid the Interim Loan Transfer obligation as fraudulent to the extent the value of the obligation exceeds the value of the loan proceeds each Plaintiff received.

---

[4] Certain net proceeds of CFD Bonds issued by the City of Orange, authorized by the Order of the Bankruptcy Court on March 16, 2010.

1    Insolvency. The $20 million-plus obligations which each of the three Plaintiffs incurred in
2    connection with the Interim Loan exceeded the value of their assets, which in each case consisted
3    exclusively of the assets securing the loan.
4    The value of the assets of SunCal Tesoro was estimated to be between $8.6 million and $10.8
5    million in December 2007, at or about the time of the Interim Loan Transfers. Declaration of Dale
6    Strickland ("Strickland Decl.") ¶ 6, Exh. 2.
7    The value of the assets of SCC Communities was estimated to be approximately $2.3 million
8    in December 2007, at or about the time of the Interim Loan Transfers. Strickland Decl. ¶ 7, Exh. 3.
9    The value of the assets of SunCal Del Rio—the future right to receive anticipated net CFD
10   bond proceeds—was estimated to be $14.2 million in December 2007, at or about the time of the
11   Interim Loan Transfers. Strickland Decl. ¶ 8, Exh. 4.
12   Petition Dates. The Plaintiffs each filed voluntary petitions for Chapter 11 relief on
13   November 19, 2008. Cook Decl., ¶¶ 12-14, Exhs. 9-11.

## Legal Standard

"Summary judgment must be granted 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (quoting Fed. R. Civ. P. § 56) (affirming summary judgment for trustee on fraudulent transfer claim). "[O]nce the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence sufficient to support a jury verdict in [the nonmoving party's] favor." *In re Brobeck, Phleger & Harrison LLP*, 408 B.R. 318, 331 (Bankr. N.D. Cal. 2009) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256-57 (1986)).

## Argument

### I. SUMMARY JUDGMENT IS APPROPRIATE UNDER 11 U.S.C. § 548

Under 11 U.S.C. § 548(a)(1), a trustee (or debtor-in-possession[5]) may avoid:

> any transfer…of an interest of the debtor in property, or any obligation…incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily…
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation….

Here, summary judgment is appropriate with respect to Plaintiffs' fraudulent transfer claims against Lehman ALI in the FAC, because there is no genuine issue of fact that (1) the Interim Loan was made within two years of Plaintiffs' petition dates; (2) Plaintiffs incurred obligations in connection with that Loan; (3) Plaintiffs received less than a reasonably equivalent value for incurring those obligations, since they received almost none of the Loan proceeds; and (4) Plaintiffs became insolvent as a result of such obligations.

#### A. Reach-Back Period.

It is undisputed that the Interim Loan Transfers occurred "within 2 years before the date of the filing of the petition," as required under 11 U.S.C. § 548(a)(1). Plaintiffs each filed their Chapter 11 petitions on November 19, 2008. The Interim Loan Agreement and Subsidiary Guaranty were both dated October 31, 2007. SunCal Del Rio executed the CFD Assignment Agreement on October 31, 2007, and SCC Communities and SunCal Tesoro executed the deeds of trust on the Joshua Ridge and Tesoro Burnham Projects, respectively, on November 2, 2007.

#### B. Incurrence of Obligations

Plaintiffs each incurred obligations in connection with the Interim Loan Agreement. They each signed the Subsidiary Guaranty, guaranteeing the $20 million loan obligation, simultaneous

---

[5] *See, e.g., In re Blehm Land and Cattle Co.*, 38 B.R. 648, 651-52 (Bankr. Colo.1984) (debtor-in-possession has same avoidance powers under Section 548 as trustee).

6
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: FRAUDULENT TRANSFER
78567.15

with the execution of the Interim Loan Agreement. Liens were incurred on SCC Communities' interest in the Joshua Ridge Project and SunCal Tesoro's interest in the Tesoro Burnham Project in favor of Lehman ALI, via deeds of trust on those Projects; and SunCal Del Rio executed an assignment agreement granting Lehman ALI a security interest in its rights to the Del Rio CFD bond proceeds. Accordingly, the liens that Lehman ALI has asserted on these debtors' properties are "obligation[s]...incurred by the debtor" that may be avoided by the debtor-in-possession. 11 U.S.C. § 548(a)(1).

C. **Lack of Reasonably Equivalent Value**

"Reasonably equivalent value" is determined from the point of view of the Plaintiffs' creditors. *In re TriGem America Corp.*, 431 B.R. 855, 868 (Bankr. C.D. Cal. 2010) (granting summary judgment for trustee as to debtor' property transferred, where no reasonably equivalent value was provided as matter of law). "The analysis is directed at comparing what the *debtor* surrendered and what the *debtor* received." *In re Pajaro Dunes Rental Agency*, 174 B.R. 557, 578 (Bankr. N.D. Cal. 1994) (debtor's receipt of $541,895 was not reasonably equivalent value for $1 million obligation, even where $1 million was paid to parent) (emphasis in original).

A debtor does not receive reasonably equivalent value when it encumbers its assets with respect to a loan whose proceeds are provided to a parent or affiliated entity rather than the debtor itself. *In re Image Worldwide,* 139 F.3d 574, 580-82 (7th Cir.1998) (debtor's guaranty and pledge of assets to secured line of credit in favor of an affiliate entity was a fraudulent transfer); *In re Trigem America Corp.*, 431 B.R. at 868 ("Upstream parent-subsidiary transfers, or transfers on behalf of parent corporations to third parties, *are presumed to be for nominal value to the subsidiary* absent specific proof to the contrary.") (emphasis added); *Smith v. Amer. Founders Fin. Corp.*, 365 B.R. 647, 666-667 (S.D.Tex. 2007) ("When the consideration for a transfer passes to the parent corporation of a debtor-subsidiary that is making the transfer, as in this case, the benefit to the debtor may be presumed to be nominal, absent proof of specific benefit to the debtor itself."); *In re Marquis Prods.*, 150 B.R. 487, 492 (Bankr.D.Me.1993) (debtor's conveyance of mortgage on real property to lender, as security for a loan to debtor's parent company, was a fraudulent transfer).

7
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: FRAUDULENT TRANSFER**
78567.15

Here, Plaintiffs received less than reasonably equivalent value for encumbering their properties in exchange for the Interim Loan as a matter of law, because they received *almost no value whatsoever*. The Interim Loan Agreement was entered into with Plaintiffs' parent, SCC Acquisitions LLC, *not* with Plaintiffs. The loan proceeds were transferred to SCC Acquisitions LLC and—at Lehman ALI's insistence—transferred almost entirely to *affiliates* of Plaintiffs that owed debts with respect to Projects on which Lehman ALI or its affiliates was the lender, *not* to Plaintiffs. Save for a paltry $78,000, Lehman ALI did not allow the Plaintiffs to use *any* of the $20,000,000 proceeds of the Interim Loan to their benefit or the benefit of their properties securing the loan. "This shift of risk from the creditors of the debtor to the creditors of the guarantor is exactly the situation that fraudulent transfer law seeks to avoid when applied to guarantees." *In re Image Worldwide*, 139 F.3d at 581-82.

In *In re Pajaro*, the debtor brought an adversary proceeding to avoid alleged fraudulent transfers. The court held that the debtor did not receive "reasonably equivalent value" for its obligation to the lender on a $1 million promissory note, through delivery of $1 million in funds to debtor's corporate parent. 174 B.R. at 562, 579. The court held this despite finding that the money was taken by the corporate parent for the debtor subsidiary, and the creditor had no reason to believe that the parent would not transfer the funds for the benefit of the debtor subsidiary's real property assets, for which the loan was provided. *Id.* at 580-81. Here, the case for avoidance is even more compelling: Lehman ALI specifically directed that the monies were *not* to be used by the Plaintiffs or for their assets. Rather, the Interim Loan funds were transferred, upon Lehman ALI's insistence, to affiliates that owed debts to Lehman ALI or its affiliates, while using Plaintiffs' assets for security for such amounts and diminishing their value.

In short, because Plaintiffs gave something for next to nothing, it would be difficult to conceive of a case where lack of reasonably equivalent value was more clearly established as a matter of law.

**D.    Insolvency**

A debtor is "insolvent" where it has a "financial condition such that the sum of such entity's

debts is greater than all of such entity's property, at a fair valuation...." 11 U.S.C. § 101(32)(A); *In re Sierra Steel, Inc.,* 96 B.R. 275, 277 (9th Cir. BAP 1989) ("[U]nder this "balance sheet" test a debtor is insolvent when its liabilities exceed its assets."); *In re Fair Oaks, Ltd.*, 168 B.R. 397, 402 (9th Cir. BAP 1994) ("The question of insolvency is essentially whether the debtor's liabilities exceeded the debtor's assets for the period of time in question.").

A determination of insolvency can be made on a motion for summary judgment based on an appraisal of the debtors' properties, particularly where the debtor owns a single asset. *In re Fair Oaks, Ltd.*, 168 B.R. 397 at 402 (reversing summary judgment for defendant and remanding with instructions to enter summary judgment for trustee on fraudulent transfer claim); *see also In re Martushev*, Slip Copy, 2010 WL 5256802 at *8 (Bankr. D. Mont. 2010) (plaintiff satisfied initial burden of showing insolvency based on debtor's schedules and requests for admission, and was entitled to summary judgment on fraudulent transfer claim.).

Here, Plaintiffs became insolvent as a result of the Interim Loan Transfers. 11 U.S.C. § 548(a)(1)(B)(ii)(I). Each of the Plaintiffs incurred a $20 million obligation when they guaranteed the Interim Loan, and put up their respective properties as security for that loan, in or about November 2007. That obligation has since allegedly grown to at least $23,795,013 based on the proofs of claim filed by Lehman ALI. This $23 million-plus liability far exceeds the value of the Plaintiffs' assets at the time the Interim Loan Transfers occurred.

The value of the Tesoro Burnham property—the sole asset of SunCal Tesoro—was estimated to be between $8.6 million and $10.8 million at or about the time of the Interim Loan Transfers. The value of the Joshua Ridge property—the sole asset of SCC Communities—was estimated to be $2.3 million at or about the time of the Interim Loan Transfers. And the value of the right to receive future anticipated net CFD bond proceeds—the sole asset of SunCal Del Rio—was estimated to be $14.2 million at or about the time of the Interim Loan Transfers. Thus, Plaintiffs were each rendered insolvent by the Transfers as a matter of law. *In re Fair Oaks, Ltd.*, 168 B.R. 397 at 402-03 (where debtor's liabilities were $1,400,000 million as of May 1991, when transfer occurred, and debtor's sole asset was appraised at $1,220,000 as of June 1992, debtor was insolvent as a matter of law).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion for summary judgment be granted in its entirety.

DATED: April 1, 2011                                    **MILLER BARONDESS, LLP**


By: _/s/ Louis R. Miller_
    Louis R. Miller
    Martin H. Pritikin
Special Litigation Counsel to the Plaintiffs

DATED: April 1, 2011                                    **WINTHROP COUCHOT PROFESSIONAL CORPORATION**


By: _/s/ Paul J. Couchot_
    Paul J. Couchot
    Peter Lianides
General Insolvency Counsel for Voluntary Debtors and Debtors in Possession

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: FRAUDULENT TRANSFER**
78567.15

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC;<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-BK-17206-ES<br><br>ADVERSARY CASE NUMBER 8:09-AP-01005-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1999 Avenue of the Stars, Suite 1000, Los Angeles CA 90067

A true and correct copy of the foregoing document(s) described **NOTICE OF MOTION AND MOTON BY SCC COMMUNITIES LLC, NORTH ORANGE DEL RIO LAND LLC AND TESORO SF, LLC FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION, ON 3RD CLAIM FOR RELIEF (FRAUDULENT TRANSFER) [FED. R. CIV. P. 56]**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 1, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **April 1, 2011** I caused the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding to be served by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 1, 2011** I caused the following person(s) and/or entity(ies) to be served by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 1, 2011 | Carole Conklin | s/Carole Conklin |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                               **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC;<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-BK-17206-ES<br>ADVERSARY CASE NUMBER 8:09-AP-01005-ES |
|---|---|

# SERVICE LISTS

### I. Served by NEF

- Selia M Acevedo
  sacevedo@millerbarondess.com,
  mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall
  lekvall@wgllp.com
- Alan J Friedman    afriedman@irell.com
- Christian J Gascou
  cgascou@gascouhopkins.com
- Kelly C Griffith
  bkemail@harrisbeach.com
- Harry D. Hochman
  hhochman@pszjlaw.com,
  hhochman@pszjlaw.com
- Jonathan M Hoff
  jonathan.hoff@cwt.com
- Christopher W Keegan
  ckeegan@kirkland.com,
  gdupre@kirkland.com;alevin@kirkland.com

- Kerri A Lyman    klyman@irell.com
- Hutchison B Meltzer
  hmeltzer@wgllp.com
- James M Miller
  jmiller@millerbarondess.com
- Henry H Oh    henry.oh@dlapiper.com,
  janet.curley@dlapiper.com
- Sean A Okeefe
  sokeefe@okeefelc.com
- John E Schreiber    jschreiber@dl.com
- Steven M Speier (TR)
  Sspeier@asrmanagement.com,
  ca85@ecfcbis.com
- United States Trustee (SA)
  ustpregion16.sa.ecf@usdoj.gov
- Christopher T Williams
  ctwilliams@venable.com,
  jcontreras@venable.com
- Dean A Ziehl    dziehl@pszjlaw.com,
  dziehl@pszjlaw.com

### II. Served By U.S. Mail

ALM Painting, Inc.
31551 Camino Capistrano #B
San Juan Capistrano, CA 92675

AMEC Earth & Environmental, Inc.
Agent for Service
Mark Luer
400 E. Sixth Street
Corona, CA 92879

AMEC Earth & Environmental, Inc.
2020 Winston Park Drive, Suite 700
Oakville, ON, L6H 6X7
CANADA

All American Asphalt
c/o Agent for Service
Mark Luer
400 E. Sixth Street
Corona, CA 92879

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

| In re: | | CHAPTER 11 |
|---|---|---|
| PALMDALE HILLS PROPERTY, LLC; | | CASE NUMBER 8:08-BK-17206-ES |
| | Debtor(s). | ADVERSARY CASE NUMBER 8:09-AP-01005-ES |

BNB Engineering, Inc.
c/o Robert J. Mulvihill
Hart, King & Coldren
200 Sandpointe, Fourth Floor
Santa Ana, CA 92707

Bond Safeguard Insurance Co.
c/o Harris Beach PLLC
Attn: Kelly C. Griffith, Esq.
One Park Place, 4th Floor
300 S. State St.
Syracuse, NY 13202

Boudreau Pipeline Corporation
Agent for Service
Alan J. Bourdeau
130 Klug Circle
Corona, CA 92880

Bova Contracting Corporation
c/o Agent for Service
Steve Stein
420 De Sola Terrace
Corona, CA 92625

Bucilla Group Architecture, Inc.
c/o Agent for Service
Gregory G. Bucilla
21 Siros
Laguna Niguel, CA 92677

Wayne W. Call
Call & Jensen
610 Newport Ctr. Dr., Suite 700
Newport Beach, CA 92660

Cemex, Inc.
c/o Agent for Service
CT Corp. System
818 West Seventh Street
Los Angeles, CA 90017

Chino Grading, Inc.
c/o Agent for Service
Theresa Crawford Tate
1290 E. Center Court Drive
Covina, CA 91724

Construction Service, Inc.
1320 N. Hancock, Unit A
Anaheim, CA 92807

Contech Construction Productions, Inc.
c/o Agent for Service
CT Corporation System
818 West Seventh St.
Los Angeles, CA 90017

Francis T. Donohue
Voss, Cook & Thel LLP
895 Dove Street, Suite 450
Newport Beach, CA 92660

Excavating Engineers, Inc.
c/o Agent for Service
Martin G. Smith
3712 S. Mission Road
Fallbrook, CA 92028

JAG Utility Construction, Inc.
c/o Agent for Service
James E. Gugino
1238 Keystone Way
Vista, CA 92083

JLS Concrete Pumping, Inc.
c/o Agent for Service
CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

JT Construction, Inc.
c/o Agent for Service
Scott I. Richards, Esq.
313 North Birch Street
Santa Ana, CA 92701

Lehman Ali Inc.
2392 Morse Ave.
Irvine, CA 92614

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | | CHAPTER 11 |
|---|---|---|
| PALMDALE HILLS PROPERTY, LLC; | | CASE NUMBER 8:08-BK-17206-ES |
| | Debtor(s). | ADVERSARY CASE NUMBER 8:09-AP-01005-ES |

Mark E. McKane
Kirkland & Ellis LLP
555 California St.
San Francisco, CA 94104

Mesa Pacific Construction, Inc.
c/o Agent for Service
Jeffrey W. Fohrman
One Park Plaza, Suite 600
Irvine, CA 92614

National Ready Mixed Concrete Co., A
California Corporation
c/o Agent for Service
CT Corp. System
818 West Seventh Street
Los Angeles, CA 90017

R.C. Berger Construction, Inc.
c/o Agent for Service
Ronald Berger
1591 Cherokee Road
Corona, CA 92881

J. Patrick Ragan
1881 S. Business Center Dr., Suite 7b
San Bernardino, CA 92408

SJD Development Corp.
2392 Morse Ave.
Irvine, CA 92614

SJD Partners, Ltd.
2392 Morse Ave.
Irvine, CA 92614

Sierra Pacific Electrical Contracting
c/o Agent for Service
David Loop
2542 Avalon Street
Riverside, CA 92509

Tensar International Corporation
c/o Agent for Service
CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Tonka Tractor Rental, Inc.
c/o Agent for Service
Marty Smith
3712 S. Mission Road
Fallbrook, CA 92028

Vaughan Trucking, LLC
c/o Agent for Service
Steven M. Vaughan
509 N. Main Street
Lake Elsinore, CA 92530-3823

Vulcan Materials Company
c/o Agent for Service
The Prentice-Hall Corp. System, Inc.
2730 Gateway Oaks Drive #100
Sacramento, CA 95833

### III.    Served by Personal Delivery, Facsimile Transmission or Email

BY PERSONAL DELIVERY (ATTORNEY SERVICE)

Courtesy Copy
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re:<br>PALMDALE HILLS PROPERTY, LLC;<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-BK-17206-ES<br>ADVERSARY CASE NUMBER 8:09-AP-01005-ES |
|---|---|

BY EMAIL

Lehman Ali, Inc., OVC Holdings, Northlake Holdings, LV Pacific Point
Weil Gostshal & Manges LLP
   edward.soto@weil.com
   elisa.lemmer@weil.com
   shai.waisman@weil.com
   allen.blaustein@weil.com
   lauren.zerbinopoulos@weil.com

Pachulski Stang Ziehl & Jones LLP
   rpachulski@pszjlaw.com
   dziehl@pszjlaw.com

Fenway Capital LLC
Dewey & LeBoeuf LLP
   rreinthaler@DeweyLeBoeuf.com
   clevy@DeweyLeBoeuf.com
   jschreiber@dl.com

Lehman Re Ltd
Cadwalader, Wickersham & Taft LLP
   jonathan.hoff@cwt.com
   liz.butler@cwt.com

DLA Piper
   betty.shumener@dlapiper.com

Counsel for Chapter 11 Trustee Steven M. Speier
The Lobel Firm, LLP
   wlobel@thelobelfirm.com

General Insolvency Counsel for Jointly Administered Debtors in Possession
Winthrop Couchot, P.C.
   pcouchot@winthropcouchot.com
   plianides@winthropcouchot.com
   sokeefe@winthropcouchot.com

Counsel for the Voluntary Debtors' Committee
Irell & Manella, LLP
   afriedman@irell.com
   klyman@irell.com

Counsel for the Trustee Debtors' Committee
Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
   lekvall@wgllp.com
   hmeltzer@wgllp.com

Counsel for Arch Insurance Company
Gascou Hopkins, LLP
   cgascou@gascouhopkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1